In the Matter of ROSE ARLASKY, Petitioner, v. PETER DIMITRI, as Commissioner of the City of Binghamton Department of Social Services, et al., Respondents.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term, entered in Broome County) to annul a determination of the Commissioner of Social Services which denied petitioner's application for medical assistance. On May 4, 1970 petitioner, an 84-year-old woman confined to a nursing home, transferred an income producing business property in trust for the benefit of her retarded 52-year-old son. The income was to be paid to the son during his lifetime, with invasion powers to the trustees, and upon the death of the son, the balance remaining to the petitioner's other children per stirpes. This transfer left her with no other resources. While petitioner was receiving Medicare benefits at such time, they were to expire on July 14, 1970. Prior thereto, and on July 7, 1970, petitioner applied for medical assistance to respondent City of Binghamton Commissioner of Social Services which was denied on the ground that she had transferred real property in order to become eligible for medical assistance. Thereafter a hearing was held before a representative of respondent Commissioner of the New York State Department of Social Services, and the agency's decision was affirmed. At the time of this determination, the statute provided that medical assistance shall be given to a person who requires such assistance and who " has not made a voluntary assignment or transfer of property for the purpose of qualifying for

such assistance ". ('Social Services Law, § 366, subd. 1, par. [e].) The record establishes without dispute that after a long hospitalization and confinement in a nursing home, petitioner's Medicare benefits were about to run out. The record also reveals petitioner's need for future medical services. Had she retained ownership of the property she would have been ineligible for medical assistance. While it is understandable that petitioner desired to assist her needy son, the Legislature never intended to permit the transfer of assets to the detriment of the public in general. As concerns her motive to protect her 52-year-old son, what petitioner did by trust, she could have accomplished by will, except, of course, if the amount of medical services to be rendered to her during the rest of her life exceeded the value of the property, there would be nothing left to protect the son. Under the circumstances, we find the Commissioner's determination that petitioner transferred her real property for the purpose of qualifying for assistance was clearly warranted. Determination confirmed, without costs, and petition dismissed. Herlihy, P. J., Reynolds, Sweeney and Simons, JJ., concur.