Leo Brown, J.
This is an article 78 proceeding to review and annual the determination of respondent Commissioner of New York State Department of Social Services which affirmed *243 the determination of respondent New York City Department of Social Services denying petitioner medical assistance.
Petitioner’s wife, 78 years of age, suffered a disabling catastrophic illness in 1972 requiring periods of confinement in hospitals and nursing homes prior to her final admission to a nursing home in March, 1974. The sole source of income of petitioner, a retired police officer, is from a pension fund and social security, totaling $219.91 per week. The weekly nursing home charge for petitioner’s wife is $273.50. It is in that posture that petitioner, in February, 1974, submitted an application for medical assistance. The application was denied on the ground that petitioner, who with his wife had for some 25 years owned a home at 167-08 118th Avenue, St. Albans, had transferred ownership of the premises to his daughter within one year prior to the application. Section 366 of the Social Services Law provides, inter alia:
"1 Medical assistance shall be given under this title to a person who requires such assistance and who * * *
"(5) although not receiving * * * public assistance * * * has not * * * sufficient income and resources * * * to meet all the costs of medical care and services available * * * and is either (i) * * * over the age of sixty-four years * * * and
"(e) has not made a voluntary transfer of property for the purpose of qualifying for such assistance. A transfer of property made within one year of the date of application shall be presumed to have been made for the purpose of qualifying for such assistance.” Relying on this presumption and having determined that petitioner failed to adequately rebut it, the application was denied.
The thrust of this petition is (1) that the agency improperly relied on the statutory presumption, and (2) that, in any event, it was rebutted. The first contention is premised on section 366 (subd 2, par [a], cl [1]) of the Social Services Law, which provides, "The following income and resources shall be exempt * * * (1) a homestead” and upon the regulations of the Department of Social Services (18 NYCRR 360.8 [a]), which provide: "In determining eligibility for medical assistance if a transfer of real or personal property has been made within one year prior to the date of the application such transfer or assignment shall be presumed to have been made for the purpose of qualifying for such assistance. Only real or personal property which is not exempt under section 366.2 of the Social Services Law shall be considered.”
*244 The language itself leaves no doubt that neither the ownership nor the sale of a homestead within the limited period affects eligibility for medical assistance. The statute and regulation are contemplative instead of a transfer of income-producing property. (Matter of Arlasky v Dimitri, 38 AD2d 665.) Respondent argues that the sale of the homestead converted the exempt property into usable (for purposes of computing eligibility) liquid assets. Drawn to its logical conclusion petitioner’s transfer of the homestead would thus have made him ineligible rather than eligible. The presumption, of course, ascribes to petitioner a diametrically opposite intention. Thus, the presumption had no application to the instant case and concomitantly petitioner was under no duty to rebut it. It seems that respondent commissioner was aware of this result for there is an attempt to justify the denial of assistance on another ground by stating, "in any event, the appellant had available resources of approximately $21,274 shortly after the date of the application. Only $2700 of these resources are exempted from consideration in determining eligibility for a household of two persons. Appellant had available resources of $18,574 in excess of the amount exempted from consideration shortly after the date of his application and therefore ineligible for medical assistance due to excess resources.” The resources to which the commissioner referred were those which were realized by petitioner upon the resale of the premises by his daughter. It must be noted however, that the premises were not resold until one month after rejection of the application for medical assistance. Further, petitioner testified that a substantial portion of the funds was utilized in remodeling his daughter’s home so as to provide him with living accommodations. It thus appears that the determination is factually inaccurate and made use of factors which, while they may have supported suspension of medical assistance payments, certainly did not and should not have affected their granting in the first instance.
Accordingly, the application is granted to the extent of annulling the determination of respondents and directing that respondents provide petitioner with medical assistance.