■    Louise Mondello et al., Appellants, v Joseph D'Elia, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78, to review a determination of the respondent Commissioner of the Department of Social Services of the State of New York, dated August 20, 1974, made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of Social Services of the County of Nassau that a medical assistance authorization be discontinued, petitioners appeal from a judgment of the Supreme Court, Nassau County, dated December 20, 1974, which denied the application and dismissed the petition. Judgment affirmed, without costs, and determination confirmed. No opinion. Martuscello, Cohalan and Munder, JJ., concur; Rabin, Acting P. J., dissents and votes to reverse the judgment and annul the determination, with the following memorandum, in which Hopkins, J., concurs. The determination should be annulled and respondents ordered to continue providing medical assistance to petitioners in accordance with the Social Services Law and the pertinent regulations. Petitioners had already received aid while owning the transferred property, which was considered a "homestead", and was therefore "exempt" for the purposes of determining eligibility for medical assistance (Social Services Law, § 366, subd 2, par [a], cl [1]; 18 NYCRR 360.23 [b], [g]). The statutory presumption (Social Services Law § 104-a) that transfers of property made within one

year prior to the date of an application for medical assistance are made in order to become eligible is not applicable, because the transfer was of exempt property (18 NYCRR 360.8 [1]), and because petitioners were already eligible; it was not necessary for them to transfer the property in order to become or remain eligible for aid. Respondents maintain that, upon transfer, a homestead should become a resource available to meet a petitioner's needs. Whatever the merits of this proposition, the statutes, as presently written, do not support it. Since the presumption is not applicable, and as there is no other evidentiary basis for a finding that the transfer was made in order to become eligible for aid, the determination that the transfer was made with such an intent is without support.