■ HENRY SWEENEY, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to annul a determination of respondent Department of Social Services of the State of New York, dated April 17, 1974, which, after a hearing held pursuant to an order of the Supreme Court, Nassau County, entered October 16, 1973, affirmed a determination of respondent Department of Social Services of Nassau County, dated June 11, 1973, denying petitioner's renewed application for medical assistance, but granted petitioner leave to reapply to said local agency. Determination annulled, on the law and in the interests of justice, petition granted, without costs, and the matter is remanded to respondents for further proceedings not inconsistent herewith. The 82-year-old petitioner was denied medical assistance for failure to rebut the statutory presumption that the transfer by him of his dwelling to his daughter and son-in-law within one year prior to the date of his application for medical assistance was made for the purpose of qualifying for such assistance (Social Services Law, § 366, subd 1, par [e]). It is not disputed that, upon the death of petitioner's wife in 1966, petitioner was 76 years old and his daughter and her family moved into his two-bedroom home to care for him. With time, an additional room was needed for petitioner's privacy and comfort. To obtain the funds required to build an extension, in May, 1972, petitioner transferred the property to his daughter and son-in-law, with the understanding that they would secure a mortgage loan, construct the addition and pay all expenses, and that petitioner would continue to reside in the house and be cared for by them. The grantees did in fact obtain a mortgage loan in the amount of $13,000 and build the extension, and they continued to pay all expenses and to care for petitioner. In December, 1972 petitioner entered the hospital for his regular semiannual treatments. While there, his condition worsened and in February, 1973 nursing home care was advised. His application for such medical assistance was denied on the ground that there was a failure to rebut the statutory presumption (Social Services Law, § 366, subd 1, par [e]), and petitioner failed to appeal. A second application made more than one year after the transfer was denied on the ground of *res judicata*. A proceeding under CPLR article 78 terminated in a judgment directing a new fair hearing to permit petitioner to introduce all relevant evidence, after which the application was again denied, but with leave to reapply on the basis of present eligibility. In April, 1974, petitioner continued to reside with his daughter, under her care, except for a few months' stay in a nursing home which had exhausted the family's savings. The facts surrounding the transfer of the property were not brought out until the hearing held pursuant to the above-mentioned judgment. The record establishes that the transfer of petitioner's dwelling was for value, rebutting the statutory presumption. It is therefore unnecessary to consider whether the property was exempt from the statutory presumption as a "homestead" (Social Services Law, § 366, subd 2, par [a], cl [1]; 18 NYCRR 360.23 [b], 360.8; cf. *Mondello v D'Elia,* 49 AD2d 582). Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Shapiro, JJ., concur.