■ In the Matter of EDNA E. MINOR, Appellant, v COUNTY OF NASSAU et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to (1) reinstate petitioner with back pay and (2) permanently appoint her to the position of Communications Operator I, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated August 12, 1974, which, *inter alia,* denied her application and dismissed the petition, without a hearing. Judgment reversed, on the law, without costs, and matter remanded to respondents for further proceedings consistent herewith. Petitioner was employed by respondents for almost six years as a provisional employee in the position of Communications Operator I. During that period she took and passed the open competitive examination for the same position, was placed on the eligible list, and was appointed to that position from the list. At the end of her probationary period, her employment was terminated without a hearing. The pleadings explicitly raise issues of fact as to whether petitioner's performance changed during the probationary period from what it had been during her period of employment as a provisional employee and whether she had been advised of her status and progress as required (4 NYCRR 4.5 [i]; cf. *Matter of Palmer v Merges,* 37 NY2d 177). The verified affidavits of respondents' officials, submitted in support of their answer, include statements that petitioner was a disruptive influence, that she showed a lack of co-operation, that she resented corrective criticism, that on two occasions she became loud and belligerent and that on one occasion she absented herself from work after having been advised to report to work. Special Term held, on the papers, that "petitioner had every reason to know of her superior's dissatisfaction with her service" and that respondents' action was taken in good faith and was not arbitrary and capricious. On this record, petitioner is entitled to a hearing. The charge of insubordination carries sufficient stigma to affect rights, liberty and property *(Matter of CSEA v Wallach,* 48 AD2d 923). Hopkins, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.

■ In the Matter of FLORENCE PAIGE, Appellant, v JOSEPH D'ELIA, as Commissioner of Nassau County Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Social Services of the State of New York, dated April 9, 1974, made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of Social Services of the County of Nassau that a medical assistance authorization be discontinued, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated October 31, 1974, which denied the application, dismissed the petition and confirmed the determination of the respondent State Commissioner. Judgment affirmed, without costs (see *Mondello v D'Elia,* 49 AD2d 582). Latham and Brennan, JJ., concur; Hopkins, Acting P. J., Margett and Shapiro, JJ., concur under the constraint of *Mondello v D'Elia* (49 AD2d 582) and Shapiro, J., on the further ground that there is no proof in the record that we are dealing with a "homestead".