■ MARBARRY ASSOCIATES INC., Appellant, v NORMAN J. STEINBERG, Defendant and Third-Party Plaintiff-Respondent. JACK DeLISI et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant.—In an action *inter alia* to recover damages for defendant's negligence in failing to obtain and maintain certain fire insurance policies, the appeal is from so much of an order of the Supreme Court, Westchester County, entered August 20, 1975, as denied appellants' motion to dismiss defendant's counterclaim, third-party complaint and cross complaint. Order affirmed insofar as appealed from, with $50 costs and disbursements, for the reasons stated in the order of Special Term. Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.

■ ETHEL McCOUN, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated February 28, 1975 and made after a statutory fair hearing, which affirmed a determination of the respondent Commissioner of the Department of Social Services of Nassau County, which denied petitioner's renewed application for medical assistance. Determination confirmed and proceeding dismissed on the merits, without costs. There was no evidence in this proceeding to support the finding of an agreement to convey the subject premises in return for past services rendered to petitioner by her son (cf. *Sweeney v D'Elia,* 49 AD2d 593), whereas the evidence did support the determination that had the conveyance been a cash transfer, petitioner would have realized funds to be made available for her medical care. Inasmuch as the county commissioner also determined that more than $17,000 was paid by the transferee for petitioner's care after the voluntary transfer to him, and that, in the same circumstances, the fair market value of the home will shortly have been paid by the son, the determination was neither arbitrary nor capricious (cf. *Matter of Paige v D'Elia* 49 AD2d 882; *Mondello v D'Elia,* 49 AD2d 582). Martuscello and Latham, JJ., concur; Rabin, Acting P. J., Margett and Shapiro, JJ., concur on constraint of *Matter of Paige v D'Elia* (49 AD2d 882) and *Mondello v D'Elia* (49 AD2d 582).