■    In the Matter of BEVERLY MISTRIEL, Respondent, v MAX MISTRIEL, Appellant.—In consolidated support proceedings pursuant to article 4 of the Family Court Act, the appellant husband appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County, dated June 14, 1976, as, after a hearing, (1) committed him to the Westchester County Penitentiary for a period of 90 days, (2) stayed the commitment on condition that appellant comply with a prior order of child support and (3) failed to grant his application for a downward modification of support. Order modified, on the facts, by deleting the provision that the commitment be stayed on condition that appellant comply with the prior support order and substituting therefor a provision staying the commitment on the condition that the appellant make support payments of $30 per week, pending a review of the parties' financial circumstances in December, 1976. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The record does not support the conclusion that appellant has income in excess of his $95 weekly unemployment check. Inasmuch as the former support order of $70 per week was made at a time when he was earning approximately $235 per week, it would be unfair to require such payments to continue under his present circumstances (see *Kreuger v Kreuger,* 86 Misc 2d 857). This, however, is merely a temporary solution. Upon restoration of these proceedings to the Family Court Calendar in December, 1976, pursuant to the order appealed from, the parties' circumstances should be re-evaluated to determine whether subsequent conditions permit an increase in child support payments. Martuscello, Acting P. J., Latham, Margett, Damiani and Titone, JJ., concur.

■    In the Matter of ALBERT SHEPARD, Respondent, v ABE LAVINE, as Commissioner of the State of New York Department of Social Services, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant Commissioner of the Department of Social Services of the State of New York, dated September 30, 1974, and made after a statutory fair hearing, which affirmed a determination of the Commissioner of the New York City Department of Social Services that petitioner's application for medical assistance be denied, the appeal is from a judgment of the Supreme Court, Queens County, dated August 4, 1975, which, *inter alia,* annulled the determination of the appellant State commissioner and directed that petitioner be provided with medical assistance. Judgment affirmed, without costs or disbursements (see *Matter of Mondello v D'Elia,* 39 NY2d 978). Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur. [82 Misc 2d 242.]