■ In the Matter of ROSE CLARK, Respondent, v ABE LAVINE, as Commissioner of the Department of Social Services of the State of New York, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Social Services, dated October 24, 1975, and made after a statutory fair hearing, which affirmed a determination of the Dutchess County Department of Social Services denying petitioner's application for medical assistance, the State commissioner appeals from a judgment of the Supreme Court, Dutchess County, dated May 3, 1976, which, *inter alia,* annulled the determination. Judgment affirmed, with costs to petitioner. Petitioner, an 88-year-old widow, applied for medical assistance. The application was denied because she had transferred real and personal property to her son within one year prior to the application. Appellant determined, after a fair hearing, that petitioner failed to rebut the presumption, contained in section 366 (subd 1, par [e]) of the Social Services Law, that the transfers were made for the purpose of qualifying for assistance, and that the real property failed to qualify for a homestead exemption pursuant to section 366 (subd 2, par [a], cl [1]) of the Social Services Law, because petitioner would never return home again. Petitioner challenged these rulings in this article 78 proceeding and was upheld by Special Term, which found that the evidence adduced at the hearing adequately proved that the transfers were made for valuable consideration and that the real property transferred had qualified for the homestead exemption. A review of the record supports the conclusions of Special Term. Petitioner submitted evidence which satisfies the statute; an offer by petitioner of additional evidence was waived by appellant. Whether the property was transferred before or after the application for medical assistance was submitted makes no difference (cf. *Matter of Mondello v D'Elia,* 39 NY2d 978). Hopkins, Acting P. J., Martuscello, Cohalan and Damiani, JJ., concur.

■ In the Matter of DOUBLE-M CONSTRUCTION CORP., Respondent, v CENTRAL SCHOOL DISTRICT No. 1, TOWN OF HIGHLANDS, Appellant.—In a proceeding to confirm an arbitration award, the appeal is from an order of the Supreme Court, Orange County, dated June 8, 1976, which, *inter alia,* granted the application and denied appellant's cross motion to vacate the award and to stay any future arbitration proceedings. Proceeding remitted to Special Term to hear and report, with findings of fact, on the issue of whether there was misconduct on the part of the arbitrators. The appeal is held in abeyance in the interim. The arbitrators' request for additional compensation after the hearings concluded and before rendering their award, was questionable conduct (see *Matter of Franks [Penn-Uranium Corp.],* 4 AD2d 39). A hearing is required to determine whether improper methods were used to gain the increase. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.