■ In the Matter of WILLIAM GARDNER, on His Own Behalf and on

Behalf of All Others Similarly Situated, Respondent, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Commissioner of the New York State Department of Social Services, dated June 6, 1974 and made after a statutory fair hearing, which affirmed a determination of the Commissioner of the Orange County Department of Social Services, which denied petitioner's application for medical assistance, the State commissioner appeals from a judgment of the Supreme Court, Orange County, entered April 17, 1975, which, *inter alia,* (1) declared section 366 (subd 1, par [e]) of the Social Services Law and section 360.8 of the Regulations of the State Department of Social Services (18 NYCRR 360.8) to be unconstitutional and (2) annulled the determination. Judgment modified, on the law, by deleting (1) the first decretal paragraph thereof, which determined that the proceeding was properly brought as a class action and declared section 366 (subd 1, par [e]) of the Social Services Law and 18 NYCRR 360.8 to be unconstitutional and (2) the third decretal paragraph thereof, which directed the State commissioner to notify all local agencies of the terms of the judgment. As so modified, judgment affirmed, without costs or disbursements. Petitioner was 21 years old when he applied for medical assistance. In 1971, when petitioner was 19 years old and thus still a minor, he purported to authorize his mother, in writing, to convey 550 shares of stock of a certain corporation, with a fair market value of $37,750, to a third party. His mother had repaid, on petitioner's behalf, approximately $50,000 of debts which he had incurred. In April, 1973 petitioner was shot twice in the head and was hospitalized (Special Term's opinion erroneously states that the injuries were sustained in April, 1974). Shortly before petitioner renewed his application for medical assistance in January, 1974, he reached 21, the age of majority, and executed a second written instrument affirming the 1971 authorization to his mother to transfer the 550 shares. Appellant determined, after a fair hearing, that petitioner had failed to rebut the presumption contained in section 366 (subd 1, par [e]) of the Social Services Law, that the transfer of stock was made for the purpose of qualifying for assistance, and impliedly, that the transfer had not been a "normal transaction" (see 18 NYCRR 360.8 [b]). Petitioner's challenge to that determination in this CPLR article 78 proceeding was upheld by Special Term which, *inter alia,* declared the aforesaid provision of the Social Services Law, and its implementing regulation, to be "unconstitutional to the extent that they create a presumption of fraud when an applicant has made a voluntary assignment or transfer within one year prior to the date of application". We disagree. Special Term's reliance upon *Owens v Roberts* (377 F Supp 45) is misplaced. In *Owens* the District Court held (pp 49–50) that Florida's two-year transfer of assets statute, *in actual application,* converted the "rebuttable presumption into a conclusive, irrebuttable one. The net effect of the regulation is to automatically * * * *irrevocably and absolutely"* foreclose a person from receiving public assistance for two years (emphasis in original). The presumption in the New York statute is, indeed, quite easily rebutted by showing that the transaction had been founded upon fair consideration, a showing which has been demonstrated in numerous cases (see, e.g., *Matter of Clark v Lavine,* 55 AD2d 932; *Sweeney v D'Elia,* 49 AD2d 593). The recent decision of the Supreme Court of the United States in *Lavine v Milne* (424 US 577) is controlling here. In that case a similar rebuttable presumption found in subdivision 11 of section 131 of the Social Services Law was upheld. The court noted (p 582) that an applicant has the burden of proving

his eligibility for medical assistance and that rebuttable presumptions which focus upon preventing a transfer of assets " 'for the purpose of qualifying for * * * assistance' ", i.e., with fraudulent intent, are merely mechanisms to insure that an applicant is truly eligible. Hence, the New York statute and regulation here in question are constitutional. A review of the record, however, supports the conclusion that petitioner's authorization to transfer the stock was to repay his antecedent debt and hence was founded upon fair consideration. Furthermore, the 1971 instrument clearly showed an intent to eventually authorize the stock transfer and, accordingly, it was a "normal transaction" notwithstanding the date of the instrument which affirmed the transfer (cf. *Matter of Mondello v D'Elia,* 39 NY2d 978). Either of these reasons is sufficient to rebut the presumption. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.