■    In the Matter of ALBERT R. CLARK, as Executor of LORETTE E. CLARK, Deceased, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review a determination of the Department of Social Services which denied petitioner's application for medical assistance. On December 26, 1973 petitioner filed an application with the St. Lawrence County Department of Social Services seeking to obtain medical assistance for his mother. At the time she was 86 years of age and a resident of St. Joseph's Nursing Home at Ogdensburg, New York. The application was denied upon the ground that she possessed adequate resources and did not qualify for medical assistance (Social Services Law, § 366, subd 2). This determination by the local agency was based upon the fact that the sale of certain real property, previously owned jointly by petitioner and his mother, had resulted in substantial sums accruing to her benefit which were unaccounted for. Since the transfer of the real property occurred within one year of the date of the application, it was presumed to be made for the purpose of qualifying for benefits (Social Services Law, § 366, subd 1, par [e]). Under such circumstances, the burden fell upon petitioner to establish why the transfer was made in order to overcome the statutory presumption (see *Matter of Sweeney v D'Elia,* 49 AD2d 593). Following a fair hearing, the respondent commissioner upheld the decision of the local agency and petitioner now challenges his determination as being arbitrary, capricious, contrary to law, and unsupported by substantial evidence. We must confirm the determination. An examination of the record discloses that the gross funds received by petitioner on behalf of his mother for the calendar years 1972 and 1973 included bank loans, Social Security income, farm rental, other loans and her one-half share of the proceeds of the sale of the farm. After subtracting expenditures for the repayment of bank and other loans, nursing home care, medical expenses, and miscellaneous items, a balance of more than $15,000 still remains unexplained. Moreover, there was no showing sufficient to overcome the presumption that the transfer of real property was made for the purpose of qualifying for benefits, and, accordingly, petitioner's application was properly denied (see *Matter of Arlasky v Dimitri,* 38 AD2d 665; Social Services Law, § 366, subd 1, par [e]; 18 NYCRR 360.4, 360.5). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.