■ In the Matter of LORRAINE PLATTE, Petitioner, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated December 21, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's medical assistance on the ground that she had transferred approximately $4,000 received from the sale of her house to her sister in order to continue to be eligible for assistance. Determination annulled, on the law, without costs or disbursements, and respondents are directed to restore petitioner's medical assistance authorization retroactive to the date of its termination. Petitioner became eligible for medical assistance in September, 1973. At that time she owned a home, which was categorized as exempt property. Petitioner sold the house on October 30, 1975 for two reasons. First, she found herself unable to maintain the house, and, second, she owed debts, including amounts owed to her sister, which she felt she had to discharge and which only the sale of the house would enable her to accomplish. Upon the sale, she went to the local agency with papers, to explain her change in circumstances. After looking at the papers, the young woman with whom petitioner spoke merely recorded her new address. In August, 1976, petitioner sought recertification of her medical assistance. She was notified in October, 1976 that her assistance would be discontinued because the repayment to her sister was "a transfer of property." At the

fair hearing, petitioner explained that of the approximately $7,000 she realized from the sale of the house, she repaid her sister the amount of $4,090. These debts included four mortgage payments she had borrowed from her sister at $148 for each payment; $1,440 for repayment of an FHA home improvement loan; $585 for their mother's funeral expenses; and additional sums, including some for food, of which her sister had kept a record. Petitioner evidently decided, as her own illnesses continued, that she would not be able to return to work and repay the money as she had promised; she, therefore, sold the house and repaid the debts. Respondents' position was that the loans were not verified and that the situation smacked of a divestment of funds in order to continue to be eligible to receive medical assistance. Further, that a transfer of property within a year of applying for assistance raised the presumption that the transfer was for the purpose of qualifying for assistance (see Social Services Law, § 366, subd 1, par [e]). Respondents applied section 366 (subd 1, par [e]) of the Social Services Law in error (see Matter of Mondello v D'Elia, 39 NY2d 978). One who is already eligible for assistance when he owns an exempt homestead is not disqualified by a transfer of the homestead. If the cash realized from the sale should not have been applied to her debts, petitioner was entitled to know that within 30 days of her report of the sale to the agency (see 18 NYCRR 360.18 [2]). The respondent State commissioner concedes the possibility that petitioner reported the sale "to one part of the agency", although its records do not show this. In its determination, however, he ignored petitioner's testimony and the fact that she no longer has the money available as a resource. His position is that she must use $2,690 from the sale of the house to defray her medical costs. In support of its position that petitioner may not dispose of assets in order to continue receiving assistance, he cites Matter of Arlasky v Dimitri (38 AD2d 665). Arlasky is inapposite, however, for there the petitioner transferred income-producing property which, if it had not been transferred, would have made her ineligible. In the instant case, there is no support in the record for the determination either (a) that petitioner deliberately transferred funds in order to continue to be eligible for assistance or (b) that she has available to her the resources attributed to her. Rabin, J. P., Titone, Suozzi and Mollen, JJ., concur.