■ In the Matter of DOUBLE-M CONSTRUCTION CORP., Respondent, v CENTRAL SCHOOL DISTRICT No. 1, TOWN OF HIGHLANDS, Appellant.—In a proceeding to confirm an arbitration award, the appeal is from an order of the Supreme Court, Orange County, dated June 8, 1976, which, *inter alia,* granted the application and denied appellant's cross motion to vacate the award and to stay any future arbitration proceedings. By order dated January 24, 1977, this court remitted the proceeding to Special Term to hear and report, with findings of fact, on the issue of whether there had been misconduct on the part of the arbitrators, and, in the interim, the appeal was held in abeyance *(Matter of Double-M Constr. Corp. v Central School Dist. No. 1, Town of Highlands,* 55 AD2d 932). The hearing has been held and the findings have been received. Order modified, on the facts, by adding to the first decretal paragraph thereof, after the words "is hereby confirmed", the following: "except that the compensation of the arbitrators, as set forth in the award, is reduced from the amount of $3,000 to the amount of $1,800, said amount to be borne equally by the parties". As so modified, order affirmed, without costs or disbursements. The parties to this proceeding entered into a stipulation providing for the compensation of the three arbitrators. Before the arbitrators handed down a decision, they demanded $200 a day, for each of the three arbitrators, for two days spent in studying the claims of the parties. Although appellant objected, the additional amount was subsequently paid. A hearing was ordered by this court to determine whether the arbitrators had been guilty of misconduct. It was found that the practice of asking for additional compensation was a custom practiced by most arbitrators, although unknown to the general public. Special Term found no intentional misconduct and that the parties

had not been prejudiced by the arbitrators' demands. It is therefore not necessary to vacate the award. However, this practice is contrary to public policy and should not be sanctioned. Parties should not be placed in a position where they feel compelled to accede to the demands of the arbitrators for fear of adverse consequences. Accordingly, the award should be modified by eliminating the additional compensation. Hopkins, J. P., Martuscello, Latham and Damiani, JJ., concur.