■　In the Matter of WALTER ANSON, Petitioner, v DONALD KITCHIN, as Commissioner of Social Services of St. Lawrence County, et al., Respondents. —Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review a determination of the Commissioner of the New York State Department of Social Services which deemed that $3,000 of transferred funds were

resources available to petitioner for medical expenses. Petitioner required three weeks of hospitalization from April 29, 1976 after suffering severe injuries in a motorcycle accident. While in the hospital, he instructed his mother to withdraw $3,000 from his savings account, $1,604.25 to be used to pay an outstanding credit card bill and the remainder to be retained by his mother as repayment for money advanced to petitioner. Petitioner ostensibly needed money in the fall of 1975, and in return for petitioner's promise to make certain repairs to his parents' home, his mother lent him the money. Petitioner never made the repairs and, in May, 1976, believing in his impending death, he repaid his mother. On May 12, 1976, eight days after carrying out her son's instructions, petitioner's mother applied for medical assistance on behalf of petitioner. The St. Lawrence County Department of Social Services determined that petitioner had $3,842 of nonexempt resources, including the $3,000 transferred earlier and, thus, approved the application only to the extent medical expenses exceeded $3,842. After a fair hearing, the respondent ruled that the county agency correctly included the $3,000 as nonexempt resources. This proceeding was commenced to review that determination. Subdivision 1 of section 366 of the Social Services Law authorizes disbursement of medical assistance to those in need of such assistance. Paragraph (e) of that section restricts aid to one who "has not made a voluntary assignment or transfer of property for the purpose of qualifying for such assistance. A transfer of property made within one year of the date of application shall be presumed to have been made for the purpose of qualifying for such assistance."* Pursuant to this statute the respondent promulgated regulations which, after again setting forth the presumption, requires the applicant to prove to the satisfaction of the social services official that the transfer was a "normal transaction not done for the purpose of qualifying for medical assistance." (18 NYCRR 360.8.) Petitioner does not challenge the constitutionality of this scheme and it has withstood scrutiny *(Matter of Gardner v Lavine,* 56 AD2d 930). The obvious purpose of the statute is to prevent fraudulent transfers of funds, which would allow the applicant to claim eligibility. But where the applicant shows that a transfer was for value or for repayment of an antecedent debt, the presumption of fraud is overcome *(Matter of Gardner v Lavine, supra; Sweeney v D'Elia,* 49 AD2d 593). The statute excludes "spurious transactions", not just debts *(Matter of Giammarino v Berger,* 55 AD2d 899). Respondent does not deny the existence of petitioner's outstanding debt for payments made with his credit card. The record documents the debt and its amount. Repayment of this debt was proper and cannot be viewed as a sham to qualify for assistance. To the extent that the determination included $1,604.25 in his calculation of petitioner's nonexempt assets, we must annul. As for the remainder, a debt to petitioner's mother, we believe respondent's determination was not unreasonable. In part, this was a question of credibility, the very existence of the debt being called into question. The circumstances surrounding the arrangement and the fact that no work was ever performed leave room for respondent to conclude that the "loan" did not create an antecedent debt. Even conceding the debt's existence, the informality of the arrangement and the testimony indicate that petitioner's mother did not request repayment nor even expect repayment in May of 1976. In view of the relationship of the parties to the alleged transaction and in view of the absence of a valid debt due and owing, we cannot say that respondent's

---

* This paragraph was amended by chapter 755 of the Laws of 1977, but the material requirements as applied have remained unchanged.

determination to include $1,395.75 in his calculation of petitioner's nonexempt assets was error. Determination modified, by annulling so much thereof as found that $1,604.25 was to be included in petitioner's nonexempt resources; matter remitted for further proceedings not inconsistent herewith; and, as so modified, confirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.