█ In the Matter of VALESKA McMANUS, Petitioner, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner, dated July 6, 1977, and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for medical assistance. Determination confirmed, without costs or disbursements, and petition dismissed on the merits. The petitioner had been a recipient of supplemental security income (SSI) which fact was known by the local agency since November, 1975. On June 11, 1976 the petitioner's application for medical assistance was approved retroactive to May 1, 1976. The petitioner was injured on July 7, 1976 and was confined to a hospital until July 31, 1976, at which time she was transferred to a nursing home. Previously, on January 16, 1976, the petitioner had appointed her daughters, Florence Murphy and Grace Larsen, as her attorneys in fact, by a written power of attorney. On July 14, 1976 the two attorneys in fact, ostensibly acting on behalf of the petitioner, conveyed to themselves, individually, the title to the home owned and inhabited by the petitioner prior to her injury. Thereafter, the two daughters contracted to sell the property to a third party for the sum of $30,000; on December 17, 1976 title was transferred pursuant to the contract, by a deed executed by the attorneys in fact on behalf of the petitioner. Apparently, the execution of the deed by the daughters, as attorneys in fact, was required by a title company acting for the contract purchaser, notwithstanding the existence of the prior deed conveying title to the two daughters individually. Before the petitioner's injury, her application for medical assistance had been approved effective May 1, 1976. When the petitioner entered the nursing home she was required to reapply for medical assistance; on September 15, 1976 the new application was denied for failure to submit sufficient information to determine eligibility. No fair hearing with respect to this decision was requested, because the attorneys in fact believed that the application had been reconsidered and granted inasmuch as bills from the nursing home were not received for a time. When the nursing home resumed billing the petitioner in March, 1977, a second application was made. This application was denied, and after a fair hearing requested by the petitioner was held, the denial was affirmed on the ground of the transfer of the petitioner's home, rendering her ineligible for the receipt of medical assistance. In this proceeding the petitioner contends that she is not ineligible because she transferred the property. She argues that her home was a homestead exempt from application toward the payment of the cost of medical care (Social Services Law, § 366, subd 2) and that the transfer of the homestead cannot be taken into account to render her ineligible (cf. Social Services Law, § 366, subd 1, par [e]; 18 NYCRR 360.8). On the other hand,

the respondents argue that the sale of the home for $30,000 vested the petitioner with assets which makes her ineligible for medical assistance. On this record it is clear that the petitioner, through her attorneys in fact, conveyed her home to a third party in consideration of the sum of $30,000. We do not consider that the proceeds of the sale of a homestead, which is exempt under the law in determining eligibility for medical assistance, are also exempt. The conversion of the homestead into cash removes the exemption. Therefore, the petitioner is not entitled to medical assistance under the statute. We did not reach this question in our prior decisions. In *Matter of Mondello v D'Elia* (39 NY2d 978, 980), the Court of Appeals noted the "conundrum" presented by section 366 of the Social Services Law and held that the transfer of a homestead by itself does not render the grantor ineligible for benefits. In that case the applicants transferred their property without consideration to their sons, and not to a third party for consideration. In two companion cases, the transfer was made to a child without consideration *(Matter of Paige v D'Elia* and *Matter of McCoun v D'Elia,* 39 NY2d 981). The cases in which we have held that a transfer made to satisfy an antecedent debt owing to the grantee (a relative) rebutted the statutory presumption that the transfer was intended to clothe the applicant with eligibility are distinguishable (see, e.g., *Sweeney v D'Elia,* 49 AD2d 593; *Matter of Clark v Lavine,* 55 AD2d 932; *Matter of Platte v D'Elia,* 60 AD2d 846; cf. *Matter of Gardner v Lavine,* 56 AD2d 930). In those cases a different issue was presented. Here it was conceded at the fair hearing that the petitioner received the proceeds of the sale. The petitioner's daughter Florence Murphy (one of the attorneys in fact) did not account for the disposition of the proceeds, except to say that an undisclosed portion had been used to pay doctors bills. The evidence further indicated that the sale of the property to the third party had not been disclosed on the petitioner's last application for medical assistance. Insofar as *Matter of Moran v Lascaris* (61 AD2d 405) may hold contrary to the views expressed herein, we decline to follow it. Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.