In the Matter of LOUISE GIBBS, as Mother and Natural Guardian and as Conservator of the Property of SHARON L. GIBBS, an Adult Under a Disability, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.

Third Department, December 27, 1979

## APPEARANCES OF COUNSEL

*L. David Zube* for petitioner.

*Robert Abrams, Attorney-General (Alan W. Rubenstein, Clifford A. Royael* and *Shirley Adelson Siegel* of counsel), for respondents.

## OPINION OF THE COURT

SWEENEY, J. P.

Sharon Gibbs was confined to Wilson Memorial Hospital in Johnson City, New York, from June 26, 1975 to May 5, 1976. Prior thereto she was involved in a serious automobile accident in California. We previously held that Sharon "should be determined to be a resident of New York within the meaning of section 366 (subd. 1, par. [b]) of the Social Services Law" *(Matter of Gibbs v Berger,* 59 AD2d 282, 286). Sufficient background information is recited therein and need not be repeated here.

On March 31, 1978, petitioner was notified by the local agency that chronic care had been approved for Sharon for the period from June 26, 1975 to May 5, 1976 and that she would have to contribute $330.30 per month for the period January 1, 1976 to April 1, 1976. This amount was calculated by subtracting $28.50 pursuant to 18 NYCRR 360.5 (e) from the sum of $358.80 received by Sharon per month in disability benefits during that period of time. Petitioner contested this determination on the grounds that $1,500 of the disability payments were no longer available since petitioner paid her brother that sum as partial repayment of a loan used to transport Sharon from California to New York. Petitioner also contended that the sum of $199.38 was expended to pay medical costs not covered by Sharon's insurance.

After a fair hearing, the State commissioner found, *inter alia,* that petitioner borrowed money to pay her daughter's transportation expenses from California to New York and used her daughter's disability benefits to repay such loan, and that petitioner presented bills for in-hospital expenses which were in excess of her daughter's private insurance and which were paid by petitioner from her daughter's disability benefits. Based on her findings, the commissioner concluded that the local agency had no authority to credit petitioner with $1,500 for transportation since she had failed to establish the medical necessity for such costs, that the local agency had not had an

opportunity to give its prior approval and that the disability benefits were used to repay a prior personal loan and not medical expenses. As to the $199.38, the commissioner held that the record failed to establish whether those costs were authorized by law and in accordance with the fees established by the local agency for the particular care provided. Consequently, the commissioner affirmed the determination that petitioner is obligated to contribute to the cost of Sharon's hospital expenses, but did not affirm the determination concerning the amount of such contribution and remanded that matter to the local agency for appropriate action. This proceeding ensued.

Our review is limited to the question of whether the determination is rational (CPLR 7803, subd 4; *Matter of Pell v Board of Educ.*, 34 NY2d 222, 231). If it is, we should not disturb it *(Ostrer v Schenck,* 41 NY2d 782, 786).

The pertinent statute is section 366 (subd 2, par [b]) of the Social Services Law which reads, in part, as follows: "In establishing standards for determining eligibility for and amount of such assistance, the department shall take into account only such income and resources, in accordance with federal requirements, as are available to the applicant".

■ As to the $1,500 petitioner urges on this appeal that the disability payments were no longer available and, in the alternative, were expended for incurred medical expenses and should be deducted from Sharon's available income. In spite of this sympathetic argument, we are of the view that the commissioner's determination of this issue is rational. Petitioner's primary obligation was to use the disability payments to defray Sharon's current maintenance needs, which included the in-hospital expenses (20 CFR 404.1604, 404.1606). Accordingly, respondent could properly consider such amounts "available" (see *Matter of Flynn v Bates,* 67 AD2d 975, 977; *Matter of Williams v Toia,* 61 AD2d 333). Petitioner's reliance on *Matter of Anson v Kitchin* (64 AD2d 752) is misplaced, for in that case this court merely held that proof of repayment of a valid antecedent debt overcomes the presumption of fraud against transfers of property made within one year of applying for medical assistance.

We now consider the other issue pertaining to petitioner's claim for a credit for payment of medical bills which exceeded the amount paid by private insurance. Social Services regulations provide that private insurance benefits shall be utilized

(18 NYCRR 360.9) and a social services district shall pay the difference between the amount paid by the insurance carrier and the fee established by the social services district for the particular care (18 NYCRR 360.9 [2] [i]). It is also provided by regulation that all resources in excess of those exempt in accordance with section 366 (subd 2, par [a]) of the Social Services Law and $28.50 per month for personal expenses shall be utilized to meet the cost of medical assistance (18 NYCRR 360.5 [e]). The instant disability benefits are not exempt under section 366 (subd 2, par [a]) of the Social Services Law.

■ Section 366 (subd 2, par [b]) of the Social Services Law provides that: "In the application of standards of eligibility with respect to income, costs incurred for medical care, whether in the form of insurance premiums or otherwise, shall be taken into account." It is the opinion of this court that the determination of credit could reasonably be based upon the amount of medical assistance allowable. Consequently, respondent's decision to remand to the local agency should not be disturbed. We have examined petitioner's remaining arguments and find them unpersuasive.

The determination should be confirmed, and the petition dismissed, without costs.

MAIN, MIKOLL and HERLIHY, JJ., concur.

Determination confirmed, and petition dismissed, without costs.