■ Aristoula Yiotis, Petitioner, v Joseph D'Elia, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review so much of a determination of the State Commissioner of Social Services, dated December 2, 1977, as, after a *de novo* fair hearing, affirmed that part of a determination of the local agency which denied reimbursement to petitioner's daughters for moneys expended for necessary nursing home care for petitioner. Petition granted, determination annulled insofar as reviewed, on the law, without costs or disbursements, and respondents are directed to reimburse petitioner's daughters the sum of $4,200. The record shows that petitioner presented sufficient evidence to rebut the presumption that the $4,200 in assets she transferred within a year of her initial application for medical assistance in July of 1975 was for the purpose of qualifying for medical assistance. (See Social Services Law, § 366, subd 1, par [e]; 18 NYCRR 360.8.) The presumption is an easily rebuttable one *(Matter of Gardner v Lavine,* 56 AD2d 930). The testimony of petitioner's daughter established that the transfers were for other valid reasons and were founded on fair consideration. Furthermore, petitioner's physician's testimony indicated that she had no reason to believe that she was in imminent need of extensive medical assistance or nursing home care at the time of the transfers. The evidence thus rebuts the statutory presumption, and the record is devoid of proof to support the

State commissioner's determination as to the $4,200 (see *Matter of Saviola v Toia,* 63 AD2d 849; *Matter of Gardner v Lavine, supra).* The State commissioner had concluded that the agency incorrectly determined to refuse medical assistance until an amount in excess of $16,000 had been expended toward petitioner's medical care, finding that only $4,200 was actually transferred to qualify. Thus, the agency was directed to reimburse petitioner's daughters, who were required to actually expend the money, for the amount in excess of $4,200. In view of the foregoing discussion, we direct that they be reimbursed for the $4,200 as well. In addition, and notwithstanding the above, we have recently held that section 366 (subd 1, par [e]) of the Social Services Law and 18 NYCRR 360.8 are "invalid as applied to individuals who, but for their income and resources, would be eligible for SSI, and that the commissioner may not, in the future, deny Medicaid assistance to any such individual based upon a preapplication transfer of assets for less than fair consideration" *(Scarpuzza v Blum,* 73 AD2d 237, 251; see, also, *Caldwell v Blum,* 621 F2d 491). Titone, J. P., Mangano, Rabin and Gulotta, JJ., concur.