■ In the Matter of SHIRLEY FRENCH, Respondent, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered May 20, 1980 in Tompkins County, which, in a proceeding pursuant to CPLR article 78, annulled a determination of respondent Commissioner of the State Department of Social Services reducing petitioner's monthly grant of public assistance. Petitioner is a recipient of public assistance under the home relief provisions of the Social Services Law (see Social Services Law, § 157), and during the period at issue here her total budgeted needs were assessed at $224 per month. Her monthly public assistance grant under the home relief program was only $81.55, however, because she was also receiving monthly workers' compensation benefits in the amount of $142.45 and had no other source of income. In July of 1978, she received a New York State income tax refund of $35.27 and a Federal tax refund of $122.94, and on July 12, 1978, upon bringing her State refund check to the local agency, the Tompkins County Department of Social Services, she signed a statement agreeing that the local agency could recover the amount of the State refund by reductions from her future grants at the rate of 10% of her grant. On July 17, 1978, when she subsequently brought the Federal refund check to the local agency, she refused either to assign that check to the agency or to execute a recovery agreement as she had done with regard to the State refund check. In response, on July 17, 1978, the local agency sent petitioner a "Notice of Intent to Reduce Public Assistance", in which petitioner was informed that her public assistance grant would be reduced by 15% in order to recover an amount equal to the State and Federal tax refunds she had received, and, as a result, petitioner's monthly grant was reduced by $33.60 for the period August 1, 1978 through November 30, 1978 and by $23.81 for the month of December, 1978. Despite the July 17, 1978 notice which she received, petitioner apparently expended all the moneys from her tax refunds by August 1, 1978 to pay outstanding bills. With those circumstances prevailing on December 13, 1978, petitioner challenged the reduction of her public assistance at a fair hearing, but the respondent State commissioner affirmed the determination of the local agency. Accordingly, petitioner commenced the instant proceeding wherein she seeks to have the State commissioner's decision annulled and the local agency directed to refund to her the sum of $122.94, the amount of her Federal tax refund. Ultimately, Special Term granted the petition to the extent of directing a refund to petitioner of $111.74. According to its opinion, the court treated the reduction of petitioner's public assistance as an attempted recoupment of overpayments and concluded that recoupment was not permitted after August 1, 1978 because

petitioner had not willfully withheld information concerning her resources (see 18 NYCRR 352.31 [d] [2]) nor did she have currently available resources (see 18 NYCRR 352.31 [d] [1] [ii]) after August 1, 1978, the date by which she had fully expended her refunds. The limited recovery of $11.20 permitted was for the period before the tax refunds had been spent, i.e., July 17, 1978 through July 31, 1978. Respondent State commissioner now appeals, and we find that the judgment of Special Term should be reversed. In so ruling, we initially emphasize that public assistance recipients, such as petitioner, are required to utilize resources available to them to reduce or eliminate their need for public assistance (Social Services Law, § 131-a; 18 NYCRR 352.23 [a]) and that income tax refunds received by recipients are available resources *(Matter of Richards v Lavine,* 48 AD2d 204). Under these circumstances, the State commissioner's determination after a fair hearing that petitioner's Federal tax refund was a resource to be utilized so as to reduce her need for public assistance plainly has a rational basis and should not have been disturbed. Furthermore, we also note that Special Term based its decision upon an erroneous premise, i.e., that the reduction of petitioner's grant was a recoupment of an overpayment of assistance to petitioner. Here there was not any overpayment to petitioner, but respondents were merely requiring petitioner to use a newly acquired available resource to reduce her need for public assistance. It is likewise significant that, given petitioner's failure to co-operate regarding the recovery of the amount of the Federal tax refund, the local agency took the only action available to facilitate the proper utilization of the available resource. Moreover, petitioner was given timely notice of the planned reductions of her assistance grants when the subject refund was still available and she could have made appropriate adjustments in her spending. Lastly, even assuming, *arguendo,* that the reduction of public assistance was an attempted recoupment of overpayments, respondents' actions should nonetheless be sustained. When petitioner was notified of the planned reduction of her assistance, she still possessed the refund as an available resource, and she should not be permitted to change its character as an available resource by later spending it (cf. *Matter of Gibbs v Blum,* 72 AD2d 36). Judgment reversed, on the law, determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.