■ In the Matter of Stephen Mitsch et al., Petitioners, v Cesar Perales, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated August 17, 1983, which, after a fair hearing, affirmed a determination of the local agency denying petitioners' application for medical assistance.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

Petitioners' application for medical assistance, which was filed on March 16, 1983 and sought to cover the cost of the female petitioner's nursing home care, was denied by the respondent Commissioner of the Suffolk County Department of Social Services and, after a fair hearing, by the respondent Commissioner of the New York State Department of Social Services, on the ground that in the summer of 1982, petitioners had transferred $30,000 to their son and daughter-in-law for no compensation in order to qualify for assistance. This denial was based on Social Services Law § 366 (5) (a), (b) (2), which is applicable to any transfers made on or after April 10, 1982, and provides as follows:

"5. (a) In determining the initial or continuing eligibility of any person for assistance under this title, there shall be included in the amount of resources considered available to such person the uncompensated value of any nonexempt resource transferred within twenty-four months prior to the date of application for medical assistance.

"(b) For purposes of this subdivision * * *

"(2) any transfer of a nonexempt resource made within twenty-four months prior to the date of a person's application for medical assistance shall be presumed to have been made for the purpose of qualifying for such assistance; however, if such person furnishes evidence to establish that the transfer was exclusively for some other purpose, the uncompensated value shall not be considered available to such person in determining his or her initial or continued eligibility for medical assistance".

The determination under review was supported by substantial evidence.

In attempting to rebut the presumption that the transfer by the petitioners of $30,000 to their son and daughter-in-law in the summer of 1982 was made for the purpose of qualifying for medical assistance, petitioners (1) argued at the fair hearing that the transfer was made pursuant to an oral agreement with their son, whereby he agreed to build an extension onto his home in which petitioners would reside, and petitioners would pay for the cost of construction and furnishing which was "about $30,000" and (2) petitioners' son submitted documentary evidence in the nature of receipts and canceled checks totaling $25,239.06.

Nevertheless, the record also indicated that (1) the contract for the construction work was dated in July 1981, (2) most of the canceled checks and receipts submitted by petitioners' son were dated in 1981, (3) the work was completed and petitioners moved into the addition in December 1981, and (4) in late 1981 and January 1982, respectively, petitioners transferred $25,000 cash and a $60,000 mortgage that they took back upon the sale of their home to their son. Under these circumstances, the respondents were entitled to find that the transfer of the $25,000 in 1981 was intended as payment for the construction work, and that the transfer of $30,000 in the summer of 1982 was a gift.

Accordingly, the determination of the respondent State Commissioner must be confirmed and the petition dismissed. Mangano, Gibbons and O'Connor, JJ., concur.

Brown, J., dissents and votes to annul the determination of the State Commissioner with the following memorandum, in which Lazer, J. P., concurs. In this proceeding, petitioners seek to annul a determination denying their application for medical assistance on the ground that their available resources for purposes of determining eligibility included

$30,000 transferred by them to their son during the summer of 1982, and within 24 months of their application for assistance (Social Services Law § 366 [5] [b] [2]).

Under Social Services Law § 366 (5) (b) (2), there is a presumption that the uncompensated value of any resource transferred within 24 months prior to the date of an application for medical assistance was made for the purpose of qualifying for such assistance. If, however, the applicant furnishes evidence to establish that the transfer was made exclusively for some other purpose, the uncompensated value of the transferred property shall not be considered by the Commissioner in determining eligibility for public assistance.

Upon review of the record herein, I conclude that the petitioners sufficiently rebutted the presumption that the transfer of funds to their son in the summer of 1982 was made for purposes of qualifying for medical assistance and that respondent County Commissioner failed to establish that the transfer was made for some purpose other than to defray the cost of the construction of the extension on petitioners' son's home which was built to provide living quarters for petitioners after they sold their home (Matter of Saviola v Toia, 63 AD2d 849).

The presumption that funds were transferred for the purpose of qualifying for medical assistance is an easily rebuttable one (see, Matter of Gardner v Lavine, 56 AD2d 930). The uncontradicted testimony of petitioner, Stephen Mitsch, and that of his son, Stephen Mitsch, Jr., was that petitioners' assignment of a $60,000 purchase-money mortgage and the transfer of the sum of $25,000 in cash to their son in late 1981 and January 1982 were intended as gifts. Since these transfers were made more than 24 months prior to petitioners' application for medical assistance, the statute was inapplicable thereto (Social Services Law § 366 [5] [e]), and no presumption attached that these transfers were made in order to qualify for medical assistance. The record is devoid of any evidence to support respondents' conclusion that these transfers were not gifts and that these transfers, as opposed to those funds transferred during the summer of 1982, were used to defray the cost of constructing the addition. Interestingly, although the respondent County Commissioner contended at the hearing that a prior transfer of $25,000 which petitioners had made to their son in 1981 was not a gift as petitioners contended, but rather payment for the cost of the extension, the State Commissioner credited the testimony of Mr. Mitsch and his son that a gift was both intended and made at that

time. The uncontradicted testimony of petitioners' son established that the transfers made during the summer of 1982 were for the purpose of reimbursing the son for approximately $30,000 which he had expended from his own funds to build the addition to his home in which his parents would reside, in accordance with the prior oral agreement the family had made. In addition, petitioners submitted copies of the bills for the expenses incurred in connection with the construction, and canceled checks, all drawn on a joint checking account in the names of the son and his wife, to establish that the $30,000 in transfers made during the summer of 1982 were based on fair consideration. There was no evidence submitted to connect the payments for the construction and furnishing of the addition to the funds which were placed in joint accounts opened in the name of Mr. Mitsch and his son in late 1981 and early 1982. Further, there is nothing in the record to indicate that Mrs. Mitsch was in need of nursing home care at the time of the transfer of the $30,000 to her son in the summer of 1982 *(Matter of Saviola v Toia,* 63 AD2d 849, *supra; see also, Yiotis v D'Elia,* 76 AD2d 885). She had been residing with her husband in their son's home from December 1981 and did not enter the nursing facility until January 28, 1983.

Under the circumstances, I conclude that petitioners rebutted the statutory presumption that the transfer of funds during the summer of 1982 was not compensated for and made for the purpose of qualifying for medical assistance and that respondents failed to produce substantial evidence from which to infer that it was made for such purpose.