■ In the Matter of EUGENE ROLL, Petitioner, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services dated May 13, 1987, which, after a hearing, confirmed a determination of the Nassau County Department of Social Services denying the petitioner's application for medical assistance.

Adjudged that the determination is confirmed, and the proceeding is dismissed, without costs or disbursements.

In 1981 the petitioner moved to the home of his daughter Doris Harding and her family in Merrick, New York. On February 14, 1983, the petitioner and his grandson, Daniel Harding, entered into a purchase offer agreement regarding the sale to the grandson of the petitioner's home located in Wantagh, New York. That agreement stated that any purchase-money mortgage was to be assigned to the petitioner's three children. At the closing on June 27, 1985, Daniel Harding purchased the home for $100,000, and gave a purchase-money mortgage for $99,000 of that amount. The petitioner transferred the mortgage to his three children, Doris Harding, Joan Bommarito and Eugene A. Roll, in equal shares, for nominal consideration.

The petitioner suffered a stroke in December 1985 and entered a nursing home in January 1986. An application was made on the petitioner's behalf for medical assistance, which was denied by the local agency on the ground that the petitioner was ineligible for such assistance since he had transferred the $99,000 mortgage to his children within the 24-month period prescribed by Social Services Law § 366 (5). The State Commissioner confirmed that determination, reasoning that although the transfer to Doris Harding was not made for the purpose of qualifying for medical assistance, the transfer to the petitioner's other two children was without consideration and solely for the purpose of qualifying for medical assistance. Therefore, the State Commissioner ruled that two thirds of the current fair market value of the mortgage was available to the petitioner for the payment of medical expenses.

Social Services Law § 366 (5) provides, in pertinent part, that any transfer of a nonexempt resource made within 24 months prior to the date of a person's application for medical assistance shall be presumed to have been made for the

purpose of qualifying for medical assistance. We reject the petitioner's claim that the subject transfer did not occur within the 24-month period but rather occurred on February 14, 1983, the date of the purchase offer agreement. A transfer of real property is accomplished only by delivery of an executed deed (see, Real Property Law § 244; *Manhattan Life Ins. Co. v Continental Ins. Co.,* 33 NY2d 370). This occurred at the time of the closing on June 27, 1985. It was also on that date that the assignment of mortgage was effectuated. The petitioner could offer only questionable proof that the transfer made to two of his children without adequate consideration was made exclusively for some purpose other than to qualify for medical assistance (see, *Matter of Zachareas v Perales,* 152 AD2d 586; *Matter of Mitsch v Perales,* 114 AD2d 369). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.