■ GARY HILL, as Administrator of the Estate of VINCENT A. HILL, SR., Deceased, et al., Respondents, v CARBORUNDUM CORPORATION et al., Appellants. GARY HILL, as Administrator of the Estate of VINCENT A. HILL, SR., Deceased, et al., Respondents, v CARBORUNDUM COMPANY, INC., Formerly Known as STEMCOR CORPORATION, et al., Appellants. [661 NYS2d 165] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint, which alleges that decedent sustained injuries on July 30, 1987 while cleaning a furnace on property owned by defendants. In support of their motion, defendants submitted proof establishing that they did not own the property in question at the time of decedent's injuries. An executed deed demonstrated that the property had been conveyed to Washington Mills Electro Mineral Corporation on May 6, 1987. Other proof established that the deed was delivered to the grantee on the date of its execution. Although the deed was not recorded until July 11, 1989, it is well settled that "[a] transfer of real property is accomplished only by delivery of an executed deed (*see*, Real Property Law § 244; *Manhattan Life Ins. Co. v Continental Ins. Co.*, 33 NY2d 370)" (*Matter of Roll v D'Elia*, 167 AD2d 545, 546).

Because the liability of defendants is predicated on their alleged ownership of the property, defendants met their initial burden of establishing entitlement to judgment as a matter of law, thus shifting the burden to plaintiffs to raise an issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 560). Plaintiffs failed to meet that burden. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Denman, P. J., Pine, Callahan, Balio and Fallon, JJ.