ARTHUR A. SNYDER, Plaintiff, v. CLARA K. SCHNEIDER, Defendant.*

Supreme Court, New York County, January 3, 1935.

*Arthur A. Snyder*, in person.

*Booth & Giles,* for the defendant.

CALLAHAN, J. Plaintiff, executor of a deceased husband, sues the " widow," alleging that she deceived the deceased into believing she was competent to marry him and thereby fraudulently induced him to make payable to her $25,000 worth of life insurance which she procured on his death; that in truth and in fact she was not competent to marry him, being already the wife of a living husband.

Defendant moves to dismiss the complaint, alleging that it does not state a cause of action. The principal question discussed is whether such a cause of action survives the death of the one defrauded. Decision of this question would seem to depend on whether the action is one for injury to property or to person. Our statute on the subject is section 120 of the Decedent Estate Law. It provides, in substance, that for wrongs done to the property of another an action may be brought by the executor or administrator of the person injured in the same manner as actions upon contract. It is provided, however, that the right shall not apply to an action for personal injuries as defined by section 37-a of the General Construction Law. The latter law defines personal injury to include certain enumerated torts and " other actionable injury to the person either of the plaintiff, or of another." It would thus seem that " fraud " or " deceit," not being included in the torts specifically enumerated, is not abated by the death of the wrongdoer unless included in the general provision " other actionable injury to the

* Affd., May 10, 1935, —— App. Div. ——.

person." It has been held that a cause of action to cheat or defraud a decedent of his property did not die with its owner. (*Brackett* v. *Griswold*, 103 N. Y. 425.) Such an action is not deemed an action for injury to the person.

Defendant relies largely on the cases of *Wade* v. *Kalbfleisch* (58 N. Y. 282) and *Price* v. *Price* (75 id. 244). The former of these cases was an action for breach of promise of marriage. This form of action has consistently been held an action for injury to the person. *Price* v. *Price* bears similarity to the present case in some of its facts. It was an action brought by a wife against a husband for damages caused to her by the defendant inducing plaintiff to marry him on the representation that he was single and capable of entering into a contract of marriage whereas in fact he had a wife living. The action, however, was one for general damages. The court stated that the claim was merely for personal wrongs. It was not claimed that it affected plaintiff's property or estate; that it did not appear plaintiff had any estate. It did appear in that case, however, that the husband in his lifetime had procured a judgment of annulment. Plaintiff might have had an interest in decedent's estate but for this annulment. But the court held that as the judgment of annulment was the act of the law decedent did no legal wrong in procuring it. The case would seem to be distinguishable because of the injury sought to be compensated. If plaintiff herein claimed, for instance, that defendant, through fraud, had procured from decedent a part of his estate as a marriage settlement it would seem quite clear that his executor would have the right to recover it. There seems to be no difference in principle between such a claim and the present one except in the nature of the property alleged to have been lost. Of course, the rights of an insured in the avails of a policy payable to a named beneficiary are not the same as his rights to property, title to which is vested solely in him, but deceased had some property rights under the policy and lost at least the premiums paid thereon if not the avails. Though the question of the measure of damages is not free from doubt it appears to me the complaint is sufficient.

Motion to dismiss the complaint is denied.