Benjamin Brenner, J.
Motion pursuant to section 88 of the Civil Practice Act to dismiss the first two causes of action pleaded by the plaintiff Evredika Doukas and to dismiss, pursuant to rule 106 of the Buies of Civil Practice, the third cause of action pleaded by the coplaintiff Kirkup, Jr., as Commissioner of Public Welfare of the County of Suffolk.
The first two causes of action sound in fraud and seek cancellation of a conveyance by Mrs. Doukas of her half interest in certain realty to the defendants, her brother and sister-in-law, and for an accounting of rents and profits. Defendants seek to dismiss these causes because of the death of Mrs. Doukas following the commencement of the action, claiming that they have abated.
The coplaintiff, Kirkup, Jr., Commissioner of Public Welfare of the County of Suffolk, having supplied old age public assistance to Mrs. Doukas, and thus interested in the continuation of those causes, resists their dismissal upon the authority of sections 84 and 82 of the Civil Practice Act. Section 84 of the Civil Practice Act is inapplicable since the death of a sole party is not involved. Section 82 provides in part “ An action does not abate by any event if the cause of action survives or continues.” This being an action sounding in fraud, the causes survive because the injury claimed is not to the person (Snyder v. Schneider, 154 Misc. 26, affd. 244 App. Div. 778; Norris v. Harrison, 198 F. 2d 953; Brackett v. Griswold, 103 N. Y. 425).
The County of Suffolk, for whom the coplaintiff Kirkup, Jr., appears as Commissioner of Public Welfare, could benefit from a continuation of such causes if they should be sustained and a judgment based thereon entered in favor of a representative of the estate of the deceased. It may obviously recoup in whole or in part the public funds given to the deceased if such judgment shall require a return to the estate of the half interest claimed to have been conveyed through fraud to the defendants. The first two causes of action in behalf of the estate must therefore be continued and the motion to dismiss them is denied.
It appears from the records of the probate proceeding on file in the Surrogate’s Court in Kings County that the deceased had no estate other than the half interest so conveyed and that as to such half interest the defendant James George is the sole devisee under the will of the deceased made prior to the conveyance complained of. It is hardly likely, now that the estate is claimed to be barren of assets and no one other than said *960 'coplaintiff is interested, that the executor named in the testament will qualify or otherwise act to continue this suit. Thus if the executor fails to qualify, the appointment of a temporary administrator under section 126 of the Surrogate’s Court Act would seem appropriate. It is urged that if the action is to be continued by a representative of the estate he would, in effect, be determining title to realty, which he is powerless to do as only an heir or devisee may maintain such an action under the authority of Brandenstein v. Kawecki (213 App. Div. 574). But this is not an action to determine title. If the conveyance was made in fraud it is a nullity and the deceased was not thereby divested of title. The authority cited is thus not controlling. Nor is there any substance to defendants’ contention that an action pursued by a representative would involve the unsought services of the attorney for the coplaintiff. The representative will serve the interests of the estate encompassing devisee and creditor alike, and so will be free to engage counsel other than the attorney for the coplaintiff.
Though the coplaintiff is entitled to pursue whatever remedy may enure to him upon continuation of the first two causes, he may also continue his direct attack upon the defendants as set out in his own third cause of action. Such third cause, also challenged, realleges the fraudulent conveyance, the receipt by the deceased of old age public assistance and alleges that the plaintiff as commissioner was responsible for relief granted to the deceased at public expense, that the aforesaid conveyance, unknowingly made by the deceased while incapacitated and without fair consideration, rendered the deceased insolvent with intent to hinder, delay and defraud the County of Suffolk. Section 86 of the Civil Practice Act authorizes the continuation of this cause of action following the death of one of two plaintiffs, each having distinct causes of action. The section, moreover, provides in part: “ Where it appears proper so to do, the court may require or compel the successor, or a person who claims to be the successor, to be brought in as a party, upon his own application or upon the application of a party to the action.” Thus, the naming of a representative of the estate as a party seems advisable as to such third cause of action as well.
The defendants’ contentions that there is no allegation of a voluntary or fraudulent transfer to them by a debtor and that the third cause may not be pursued under section 273 of the Debtor and Creditor Law are not well taken. The public assistance granted to the deceased established an implied contract by her to repay the County of Suffolk out of her available assets and in that sense the deceased was a debtor who, it *961 is alleged, was rendered insolvent by virtue of such conveyance. The allegation of insolvency occasioned by the conveyance is all that is required under section 273, regardless of the actual intent of the debtor (Hearn 45 St. Corp. v. Jano, 283 N. Y. 139). The pleader having moreover reasserted the facts of fraud earlier alleged, all the essential elements needed in an action to set aside a conveyance in fraud of such coplaintiff, pursuant to section 273 of the Debtor and Creditor Law, here exist. Since upon this disposition a representative of the debtor will be before the court as a party plaintiff, the case of Ranno v. Ranno (2 Misc 2d 940) does not apply; nor is the case of American Sur. Co. v. Conner (225 App. Div. 137, revd. 251 N. Y. 1) in point because it differs from the case at bar which recites an absence of consideration and facts that do ‘ ‘ call for restitution in equity and honor.”
Finally, the failure to set out the extent of plaintiff’s claim under the third cause of action and urged on that account to be a defect under section 278 of the Debtor and Creditor Law, no longer has any significance because the total sum loaned may now be ascertained and properly alleged in an amended complaint. Such defect is moreover overcome by section 279 of the same statute.
The motion to dismiss all causes of action is denied and the cross motion to continue the same is granted upon condition that the caption of the action shall be amended to substitute the executor named in the will of Evredika Doukas for said Evredika Doukas as a party plaintiff. Should such executor fail to qualify within 10 days after service of a copy of the order upon him and on the attorneys for the defendants, then the person to be designated by the Surrogate as temporary administrator of the estate shall be so substituted. Following the service upon them of notice of such qualification or appointment and amended complaint, the defendants James and Maria George shall have 20 days to serve an answer herein.
Settle order on notice in accordance with the above.