Memorandum. Order of the Appellate Division reversed, without costs, the petition granted, the administrative determination annulled, and the proceeding remitted to the Supreme Court, Nassau County, with directions to remand to the Department of Social Services for appropriate disposition.
It has been successfully argued thus far by the administrative agency that it has provided a reasonable application of the homestead exemption statute (Social Services Law, § 366). The result might be correct if the administrative agency had plenary legislative power. It does not. The statute has a gap in it and therefore presents a conundrum. While the transferor still owns the property he is nevertheless not disqualified by that fact from receiving assistance. If the property is transferred (without consideration) the property ceases to be an exempt homestead. Thus it cannot be said that the property has been transferred "for the purpose of qualifying for . . . assistance”, a circumstance which renders one ineligible to receive assistance (Social Services Law, § 366, subd 1, par [e]). True, as the Attorney-General argues, another part of the statute might entitle the disbursing department to recover for its expenditures from the estate of the assistance recipient (Social Services Law, § 369, subd 1, par [b]). This does not solve the conundrum but, at best, suggests a purpose for a statute which would control transfers of exempt homestead property, not because they are done to qualify for assistance but because they impair the possibility of a future recoupment. The remedy, if there should be one, is legislative.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, without costs, the petition granted, the administrative determination annulled and the proceeding remitted to the Supreme Court, Nassau County, for further proceedings in accordance with the memorandum herein.