■ In the Matter of FRANCES BADAME, Petitioner, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review so much of a determination of the respondent Commissioner of the New York State Department of Social Services, dated December 24, 1975 and made after a statutory fair hearing, as affirmed those parts of a determination of the respondent Commissioner of the Westchester County Department of Social Services which reduced the petitioner's current grant of aid to dependent children in order to recoup an amount received by the petitioner as an income tax refund. Petition granted and determination annulled insofar as reviewed, on the law, without costs or disbursements, and the respondents are directed to (1) remit to the petitioner those moneys, if any, which have been deducted from her grant and (2) refrain from making any future deductions on account of this claim from petitioner's grant. Petitioner is in receipt of a grant of aid to families with dependent children on behalf of herself and one minor child. In September, 1975, the income maintenance center of the local agency informed her that it intended to reduce her grant in order to recoup the remaining portion of her income tax refund which had not been returned to the agency. The State commissioner found, after the fair hearing, that the petitioner had willfully withheld information regarding her 1974 income tax refund. Petitioner's uncontroverted testimony and her proof at the hearing reveal that she notified the local agency of her expected 1974 tax refund by submitting copies of her Federal and State income tax forms in April, 1975. The petitioner admitted that she used a portion of the refund to pay an outstanding utility bill, together with a $50 security deposit. The petitioner thereafter notified her caseworker that she had received the refund and surrendered $100, leaving approximately $75 outstanding. In our opinion there is no proof in the record to support the State commissioner's finding that the petitioner willfully withheld information about her income or resources. Under the State agency's rules and regulations, in the absence of a recipient's willful withholding of such information, recoupment of overpayments "shall not be required unless the recipient has currently available income or resources, exclusive of the current assistance payment" (18 NYCRR 352.31 [d] [1] [ii]). The record indicates that the petitioner did not have currently available funds attributable to the overpayment. Accordingly, the recoupment was improper. We further find no authority for awarding the petitioner attorneys' fees in this proceeding. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.