■ In the Matter of RUTH E. CASE, Petitioner, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination unanimously annulled, without costs. Memorandum: Edith Case, an 82-year-old widow presently residing at the Castle Rest Nursing Home in Syracuse, qualified for medical assistance on January 1, 1973. Prior to her application for assistance and until September 10, 1974 she was the owner of a house at 3433 Cedarvale Road in the Town of Onondaga. On September 10, 1974 Mrs. Case transferred this property to her daughter, Ruth. There was no monetary consideration for the transfer. In November, 1974 Ruth Case sold the property for approximately $26,000. On September 23, 1975 John Lascaris, Commissioner of the Onondaga County Department of Social Services, informed Mrs. Case that he was terminating her Medicaid because she had transferred a resource in September, 1974 for the purpose of qualifying for medical assistance. A fair hearing was conducted on October 23, 1975 to review this determination. Stephen Berger, Commissioner of the New York State Department of Social Services, affirmed the prior determination. On November 20, 1975 petitioner reapplied for medical assistance. This application was denied by respondent Lascaris on December 19, 1975. A fair hearing was held on March 16, 1976. By decision dated April 7, 1976 respondent Berger affirmed the decision of respondent Lascaris to deny medical assistance. Petitioner commenced this article 78 proceeding seeking to annul respondents' decision. The proceeding was transferred to this court by order pursuant to CPLR 7804 (subd [g]). Petitioner contends that respondents may not invoke the statutory presumptions of section 366 (subd 1, par [e]) of the Social Services Law in order to terminate medical assistance and that respondents' determination to terminate medical assistance was not supported by substantial evidence, since it was not shown that petitioner transferred her homestead to qualify for medical assistance. We agree. The Court of Appeals has recently held that where a recipient transfers (without monetary consideration) an exempt homestead, it, thereupon, ceases to be an exempt homestead and, therefore,

the administrative agency cannot say that it was transferred for the purpose of qualifying for assistance *(Matter of Mondello v D'Elia,* 39 NY2d 978, 980). (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.