■ In the Matter of GLADYS MAGER, Petitioner, v STEPHEN BERGER, as Commissioner of New York State Department of Social Services, et al., Respondents.—Determination unanimously annulled, without costs, and petition granted. Memorandum: In this article 78 proceeding petitioner seeks review of a determination by respondent Commissioner of the New York State Department of Social Services which affirmed the denial of petitioner's continued medical assistance pursuant to section 366 (subd 1, par [e]) of the Social Services Law on the ground that she had made a voluntary transfer of property for the purpose of qualifying for such assistance. This proceeding was properly transferred to this court pursuant to CPLR 7804 (subd [g]) inasmuch as the sole issue is whether respondent's determination is supported by substantial evidence. Since December, 1970 petitioner, an 85-year-old widow, has been confined to a nursing home and has received public welfare in the form of medical assistance. She was recertified for continued medical assistance on December 31, 1974. Thereafter, by a warranty deed recorded on April 14, 1975 petitioner transferred her homestead property to her son and daughter-in-law, both of whom had resided in petitioner's home since December, 1949, allegedly in consideration for past services rendered and support provided to petitioner. Respondent subsequently learned of this transfer and by a notice of intent dated April 29, 1975 informed petitioner that effective May 9, 1975 her medical assistance would be discontinued on account of this transfer. This decision was later affirmed on August 4, 1975 in a determination after fair hearing. Respondents' determination was based solely upon section 366 (subd 1, par [e]) of the Social Services Law which provides in pertinent part that medical assistance may only be given to an eligible applicant who "has not made a voluntary assignment or transfer of property for the purpose of qualifying for such assistance". However, the record is devoid of any evidence tending to support respondents' conclusion that this was the purpose behind the instant transfer. Nor does the presumption of intent contained in that statute justify respondents' decision in view of the uncontradicted testimony presented by petitioner that the purpose behind the transfer was to advance the inheritance expectation of her son, to provide consideration for past services and to defeat the future lien interest which the department, pursuant to section 369 of the Social Services Law, might file against the property after petitioner's death. Although the record indicates that while the transfer was not made to "qualify" for assistance the primary purpose behind petitioner's transfer of the property was to defeat the respondents' future lien interest. The holding in *Matter of Mondello v D'Elia* (39 NY2d 978) requires that we annul respondents' determination. If any change is to be made in this practice it must come from the Legislature. Finally, we find no merit to respondents' argument that in the event the determination is annulled the case should be remanded for a new hearing to determine whether petitioner's property was not an "exempt homestead" and therefore an available resource from which respondents could recoup prior medical assistance payments. This issue was properly before the hearing officer in the first instance and respondents failed to present any evidence at that time. Additionally, the record contains a summary of the case which

respondents prepared prior to the fair hearing and which states explicitly that petitioner's property "was to be considered exempt as a homestead." (Article 78 proceeding transferred by order of Genesee Supreme Court.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.