BEVERLY J. CRABB, as Commissioner of the Genesee County Department of Social Services, et al., Respondents, v Estate of GLADYS MAGER, Deceased, et al., Appellants.

Fourth Department, January 19, 1979

## APPEARANCES OF COUNSEL

*Harris, Beach, Wilcox, Rubin & Levey (Robert Yorio* of counsel), for appellants.

*W. Douglas Call, Assistant County Attorney,* for respondents.

## OPINION OF THE COURT

MOULE, J. P.

The question presented is whether the complaint of the Commissioner of the Genesee County Department of Social Services in this action against the estate of a former medical assistance recipient states a cause of action.

In December, 1970 Gladys Mager became a patient at the Batavia Nursing Home and began receiving public welfare in the form of medical assistance payments. At that time she was 79 years of age and owned a house in Batavia, New York, in which she, her son, Cecil Mager, and her daughter-in-law, Hazel Mager, had resided together since 1949. Because the house was considered to be homestead property, Gladys Mager's ownership of it did not affect her eligibility for medical assistance (Social Services Law, § 366, subd 2, par [a], cl [1]).[1]

In connection with Gladys Mager's recertification for medical assistance in December, 1974 Cecil Mager executed an instrument provided by the Genesee County Department of Social Services (local agency) in which he acknowledged that upon the death of his mother an estate claim would be filed to recover the amount of medical assistance paid. On April 11, 1975 Gladys Mager transferred her exempt homestead to Cecil and Hazel Mager without receiving any monetary consideration.

When the local agency learned of the conveyance, it determined that Gladys Mager's medical assistance should be discontinued because it found that she had voluntarily assigned property "for the purpose of qualifying for" assistance and, therefore, was ineligible for assistance under section 366 (subd 1, par [e]) of the Social Services Law. We reinstated Gladys Mager's medical assistance, finding that the transfer was not

---

1. This provision declares that a homestead which is essential and appropriate to the needs of the household "shall be exempt and shall neither be taken into consideration nor required to be applied toward the payment or part payment of the cost of medical care and services available under [Title 11—Medical Assistance for Needy Persons]."

made to qualify for assistance but rather "to advance the inheritance expectation of her son, to provide consideration for past services and to defeat the future lien interest which the department, pursuant to section 369 of the Social Services Law, might file against the property after [Gladys Mager's] death" *(Matter of Mager v Berger,* 57 AD2d 725).

Gladys Mager died on March 10, 1978 survived by her son, Cecil, and her daughter-in-law, Hazel. Following her death this action was brought by Beverly Crabb, the commissioner of the local agency, against Gladys Mager's estate and Cecil and Hazel Mager to recover $59,000 which was expended on behalf of Gladys Mager for medical assistance.[2] The commissioner sought to have the conveyance of Gladys Mager's homestead to her son and daughter-in-law declared fraudulent and void under the provisions of the Debtor and Creditor Law and to have a receiver for the property appointed pending a determination of the action. Four causes of action were set forth in the complaint, alleging a fraudulent conveyance of the homestead by Gladys Mager under sections 273, 275 and 276 of the Debtor and Creditor Law and a conspiracy by Gladys, Cecil and Hazel Mager to defraud the commissioner by means of the conveyance.

A motion to dismiss the complaint for failure to state a cause of action was made by the estate of Gladys Mager and Cecil and Hazel Mager on the ground that the commissioner of the local agency was attempting to recover medical assistance benefits paid to Gladys Mager in violation of section 369 of the Social Services Law by claiming creditor's rights against the property which was not in her estate. Special Term denied the motion.

On this appeal the estate of Gladys Mager, and Cecil and Hazel Mager contend that the sole recoupment remedy of the Department of Social Services is set forth under the Social Services Law and that the Social Services Law does not provide for a recovery against property not found in the estate of a former medical recipient.

---

2. Included in the expenditures for which the commissioner seeks recovery are the sums of $803.23, paid by the local agency to the Batavia Nursing Home, and $33,050.33, paid by the local agency to St. Jerome Hospital, Batavia, New York. These two debts accrued after the conveyance of the homestead by Gladys Mager and before we reinstated her benefits. The local agency paid these debts after it received assignments of rights against Gladys Mager and her estate from the nursing home and hospital.

Subdivision 1 of section 104 of the Social Services Law provides, among other things, that a public welfare offical may bring an action against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if that person received assistance and care during the preceding 10 years, and is entitled to recover up to the value of such property, the cost of the assistance or care and that, in all claims made under this section, the public welfare official shall be deemed a preferred creditor.

A limitation on the ability of a public welfare official to recover for medical assistance is imposed by section 369 of the Social Services Law. Subdivision 1 of this section, insofar as it is relevant here, provides that "[a]ny inconsistent provision of this chapter or other law notwithstanding * * * (b) there shall be no adjustment or recovery of any medical assistance correctly paid on behalf of [a needy person] except from the estate of an individual who was sixty-five years of age or older when he received such assistance, and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under twenty-one years of age or is blind or permanently and totally disabled".[3]

A homestead owned by a medical assistance recipient who dies under the circumstances set out in section 369 (subd 1, par [b]) of the Social Services Law will be included in the recipient's estate and may be reached by a public welfare official (*Matter of Rapalje,* 73 Misc 2d 16), even though the homestead is not taken into consideration with respect to eligibility (Social Services Law, § 366, subd 2, par [a], cl [1]). The sole issue before us is whether a public welfare official is precluded from using the provisions of the Debtor and Creditor Law to set aside an allegedly fraudulent conveyance of a homestead in order to bring it back into a former recipient's estate, from which the public welfare official may recover under the Social Services Law.

Where a conveyance is fraudulent as to a creditor, the creditor may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase or one who has derived title immediately or

---

3. The restrictions contained in section 369 (subd 1, par [b]) of the Social Services Law were adopted to comply with identical requirements imposed by the governing Federal statute (US Code, tit 42, § 1396a, subd [a], par [18]) and regulation (42 CFR 449.70 [b]). (See *Baker v Sterling,* 39 NY2d 397, 404.)

mediately from such a purchaser, have the conveyance set aside (Debtor and Creditor Law, § 278, subd 1, par a; § 279, subd c).[4] A " '[c]reditor' is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent" (Debtor and Creditor Law, § 270). Inasmuch as the commissioner has a claim against the estate of a recipient of medical assistance for benefits paid, the commissioner is within this definition, and may have a fraudulent conveyance of property set aside, absent some contrary provision of law.

Initially, we note that an action to set aside a fraudulent conveyance of an interest in real property has been successfully brought by a public welfare official in the past *(Doukas v George,* 12 Misc 2d 958). Defendants claim, however, that the decision of the Court of Appeals in *Matter of Mondello v D'Elia* (39 NY2d 978), concerning eligibility for medical assistance under section 366 (subd 1, par [e]) of the Social Services Law, and a recent amendment to this section establish that the sole recoupment remedy of the commissioner of a local agency is set forth under the Social Services Law and, therefore, the commissioner may not use the fraudulent conveyance provisions of the Debtor and Creditor law.

In *Matter of Mondello (supra)* the court held that medical assistance recipients who transferred an exempt homestead to their sons without consideration were not thereby rendered ineligible for continued assistance under section 366 of the Social Services Law. In reaching this result, the court concluded *(supra,* p 980): "The statute has a gap in it and therefore presents a conundrum. While the transferor still owns the property he is nevertheless not disqualified by that fact from receiving assistance. If the property is transferred (without consideration) the property ceases to be an exempt homestead. Thus it cannot be said that the property has been transferred 'for the purpose of qualifying for * * * assistance', a circumstance which renders one ineligible to receive assistance (Social Services Law, § 366, subd 1, par [e]). True, as the Attorney-General argues, another part of the statute might entitle the disbursing department to recover for its expenditures from the estate of the assistance recipient (Social Ser-

---

4. Additionally, section 268 of the Real Property Law and EPTL 13-3.6 allow a creditor of a deceased insolvent debtor having a claim exceeding $100 to maintain an action to set aside a fraudulent conveyance by the deceased debtor.

vices Law, § 369, subd 1, par [b]). This does not solve the conundrum but, at best, suggests a purpose for a statute which would control transfers of exempt homestead property, not because they are done to qualify for assistance but because they impair the possibility of a future recoupment. The remedy, if there should be one, is legislative." We relied upon the *Mondello* decision in reinstating Gladys Mager's medical assistance in *Matter of Mager v Berger* (57 AD2d 725, *supra).*

Effective August 5, 1977, section 366 (subd 1, par [e]) of the Social Services Law was amended to render ineligible medical assistance recipients who have made voluntary transfers of property "(i) for the purpose of qualifying for such assistance, or (ii) for the purpose of defeating any current or future right to recovery of medical assistance paid, or for the purpose of qualifying for, continuing eligibility for or increasing need for medical assistance" (L 1977, ch 755). As we noted recently, this amendment cured the defect which existed in the statute *(Matter of Moran v Lascaris,* 61 AD2d 405, 407).

We do not interpret either the decision in *Matter of Mondello v D'Elia* (39 NY2d 978, *supra)* or the subsequent amendment to section 366 (subd 1, par [e]) of the Social Services Law to mean that a commissioner of a local agency may not pursue the remedies given to a creditor under the Debtor and Creditor Law. While it is true that in *Mondello (supra,* p 980) the court stated that transfers of exempt homesteads "impair the possibility of a future recoupment", the court was not presented with a question of recoupment, but rather with one of eligibility. Moreover, the court did not state that such transfers defeat recoupment but only that they *impair the possibility* of recoupment, which they most certainly do. Similarly, when the Legislature amended section 366 of the Social Services Law, it was concerned only with medical assistance eligibility and not with recoupment (see NY Legis Ann, 1977, p 245; McKinney's Session Laws of NY, 1977, p 2422).

Finally, there is no conflict between the relevant provisions of the Debtor and Creditor Law and section 369 (subd 1, par [b]) of the Social Services Law. While the latter statute limits the recovery of a public welfare official to the estate of a former recipient, it is from the estate of Gladys Mager that the commissioner of the local agency is seeking to recover. It is consistent with section 369 (subd 1, par [b]) of the Social Services Law for the commissioner to use the remedies provided under the Debtor and Creditor Law to set aside a

fraudulent conveyance for the purpose of bringing it back into the estate to satisfy the local agency's claim.

We have examined the remaining contentions raised by the estate of Gladys Mager and Cecil and Hazel Mager and find them to be without merit. Accordingly, the motion to dismiss the complaint was properly denied and the order should be affirmed.

CARDAMONE, SIMONS, DILLON and HANCOCK, JR., JJ., concur.

Order unanimously affirmed, without costs.