■ In the Matter of ELIZABETH FLUETTE, as Guardian ad Litem for GEORGE BAER, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State commissioner dated April 14, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency denying the petitioner's application for medical assistance benefits. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the respondents are directed to provide the petitioner with retroactive benefits for the period from January 23, 1977 to March 8, 1978. Proceeding otherwise dismissed, on the merits. Petitioner's application for medical assistance was denied on the ground that on November 30, 1976, while petitioner was hospitalized for a skull fracture, and prior to his transfer to a nursing home, he transferred his residence to his daughter and son-in-law. It is now quite clear that under section 366 (subd 1, par [e]) of the Social Services Law, as it read in November, 1976, the petitioner's voluntary transfer of his exempt homestead did not disqualify him from receiving medical assistance (see *Matter of Mondello v D'Elia,* 39 NY2d 978). This is so despite the fact that petitioner was hospitalized when the transfer was made (see *Matter of Paige v D'Elia,* 39 NY2d 981). Therefore, the State commissioner's determination affirming the denial of medical assistance benefits must be annulled. Since the medical assistance benefits were denied for the period from January 23, 1977 until March 8, 1978, petitioner is entitled to retroactive reimbursement for that period (see *Matter of Dillingham v Lavine,* 48 AD2d 657). Titone, J. P., Suozzi, Gulotta and Martuscello, JJ., concur.

■ In the Matter of TINA M. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; EDITH M., Appellant.—In a proceeding to adjudicate a child as permanently neglected, the child's mother appeals from an order of the Family Court, Orange County, dated October 4, 1977, which, after a hearing, *inter alia,* found the child to be permanently neglected. Order affirmed, without costs or disbursements, on the opinion of Judge Murphy at the Family Court. O'Connor, J. P., Gulotta, Margett and Mangano, JJ., concur.