In the Matter of County of Suffolk, Respondent, v Pauline Glover, Appellant.—Order and decree (one paper) of the Supreme Court, Suffolk County, entered July 10, 1978, affirmed insofar as appealed from, with costs, on the opinion of Mr. Justice Glickman at Special Condemnation Term. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.

In the Matter of Frederick C. Troll et al., as Executors of Marie Troll, Petitioners, v Philip L. Toia, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, to review a determination of the respondent State Commissioner of Social Services, dated March 2, 1977, which, after a statutory fair hearing, affirmed a determination of the local agency denying Marie Troll's application for medical assistance. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to provide medical assistance from the date of the application to the date of the death of the decedent. In the instant case there is no support in the record for the determination that the decedent's house no longer was her homestead at the time she transferred the property without consideration. The decedent was in a nursing home convalescing from an accident. There is nothing in the record to support the conclusion that she would remain there indefinitely. Thus, the house remained her homestead and, as such, was exempt and should not have been taken into consideration in determining eligibility for medical assistance (see Social Services Law, § 366, subd 2, par [a], cl [1]; 18 NYCRR 360.6 [b]). Furthermore, when an applicant transfers, without monetary consideration, an exempt homestead, it ceases to be exempt and therefore it cannot be said that it was transferred for the purpose of qualifying for assistance (see *Matter of Case v Berger*, 56 AD2d 714). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.