OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Some of the money deposited in the accounts was Mary New’s. Some of the accounts were in Mrs. New’s name in trust for her son, Gunther, and some were in their joint names. Gunther’s claim is that all of the money was his, that he controlled the bank books, and that the reason his mother’s name was on the accounts was to protect her in case he died or became incapacitated. On that evidence the commissioner could have found that the money, or most of it, was in fact Gunther’s and that it was not transferred for the purpose of qualifying for assistance.
The evidence also showed, however, that transfer of all of the accounts to Gunther’s name alone was made within two months of the application for assistance, thus bringing into play the statutory presumption that transfer was for that purpose. Moreover, the form of the accounts, the admitted facts that reparations and Social Security payments were received by Mrs. New in her own right over the years and that her funds and those of her son were commingled, and the absence of any proof concerning what her living expenses were over the years makes it impossible to say that the commissioner’s determination was not supported by substantial evidence. The commissioner was not required to accept petitioners’ account nor have they been denied any procedural right to which they were entitled. It was not error, therefore, for the Appellate Division to confirm the commissioner’s determination.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Judgment affirmed.