◼ In the Matter of PETER SHIELDS, Appellant, v BARBARA B. BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Appeal from that part of a judgment of the Supreme Court at Special Term, entered May 13, 1980 in Chemung County, which denied petitioner's application for attorneys' fees. The petitioner brought an article 78 proceeding seeking review of a fair hearing determination of the Commissioner of the New York State Department of Social Services (hereinafter Commissioner) and also alleged a claim under section 1983 of title 42 of the United States Code and requested an attorneys' fee award (US Code, tit 42, § 1988). The parties consented to an "interim judgment by stipulation finally determining certain relief" which annulled the fair hearing decision. Special Term denied attorneys' fees and petitioner appeals only from that part of the final judgment. The petition, on which the claim for attorneys' fees is based, contains allegations that the actions of the Commissioner were affected by errors of law, were arbitrary and capricious and violated petitioner's right to due process of law in contravention of section 1983 of title 42 of the United States Code. Special Term held that errors committed by the administrative agency in admitting and relying solely on documentary evidence to reach its decision constituted error, but such error of a quasi-judicial officer did not entitle petitioner to relief under the Federal statute. It noted further that the challenge to the administrative findings was essentially based on the Commissioner's failure to follow State administrative directives in reaching her conclusion, that is, a failure to consider in the fair hearing what effect a transfer of petitioner from a hospital to a lesser care facility would have on petitioner's health. Special Term also noted that the Commissioner's decision was improperly based solely on documents received after the conclusion of the fair hearing. The court held that the petition did not raise a substantial constitutional question and an award of attorneys' fees would not be warranted. We concur with Special Term's findings. Under section 1983 of title 42 of the United States Code, a cause of action is created against any person who under color of State law deprives another person of his rights under the Constitution and laws. Section 1988 of the statute authorizes an award of attorneys' fees, in the discretion of the court, to a prevailing party in any action or proceeding to enforce section 1983 (among other provisions of Federal law). The act authorizes an award of

attorneys' fees in section 1983 actions whether brought in State of Federal courts *(Maine v Thiboutot,* 448 US 1). There is no State statute permitting an award of attorneys' fees in an article 78 proceeding *(Matter of Badame v Berger,* 55 AD2d 931). In the instant case, petitioner's claim is not of constitutional dimension. It involves no more than error committed in a hearing which is ordinarily reviewable in an article 78 proceeding. The claim deals with an isolated incident of quasi-judicial error and does not allege an illegal State policy or statute. There is no constitutional guarantee that administrative decisions will be error free *(Martinez v Blum,* 624 F2d 1). Consequently, we conclude no right to counsel fees has been established. Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.