OPINION OF THE COURT
Frederic T. Henry, Jr., J.
Defendants have moved this court for judgment pursuant to CPLR 3211 dismissing plaintiff’s complaint for failure to state a cause of action.
The subject action has been brought to set aside the transfer of real and personal property on the grounds of lack of consideration and intent to defraud plaintiff of a just claim against defendant Margaret C. Emperor. Specifically it is alleged that on July 7,1981 defendant Margaret was admitted to Auburn Memorial Hospital where she continues as a patient. On July 9, 1981 she executed a power of attorney to her grandson, defendant John J. Emperor. It is alleged on July 13,1981 Margaret suffered a stroke and on July 14, 1981 defendant John J. Emperor acting under the power of attorney transferred to himself bank accounts of Margaret’s in the sum of $57,000 and on August 25,1981 he did transfer to himself a home with an income-producing apartment having an approximate value of $20,000.
On September 11, 1981 defendant John J. Emperor submitted an application to the Cayuga County Depart *193 ment of Social Services for medical assistance on behalf of his grandmother, defendant Margaret C. Emperor. This application was denied because of the subject transfers and by decision rendered on May 25,1982 after a “fair hearing” the denial was reversed. Prior to the subject application for medical assistance the provisions of section 366 (subd 1, par [e]) of the Social Services Law proscribing transfer of assets for the purpose of qualifying for Medicaid were deemed in direct conflict with the controlling Federal law and therefore invalid as to a person who except for income and resources would have been eligible for supplementary security income. (Scarpuzza v Blum, 73 AD2d 237.) Concededly Margaret Emperor would have been so eligible except for income and resources. Subsequently the United States Congress passed legislation known as the “Boren-Long Amendment”, effective July 1, 1981, permitting the States participating in Medicaid to set forth standards which may be implemented limiting transfer of assets for the purpose of Medicaid qualification. This authority was implemented in New York State by chapter 56 of the Laws of 1982, effective April 12, 1982 (adding Social Services Law, § 366, subd 5) which became applicable to transfers made after April 10,1982. Thus in the subject case there is no question that the transfers of property of Margaret C. Emperor to her grandson, John J. Emperor, did not act to disqualify her for medical assistance.
The recovery by a Commissioner of Social Services of medical assistance benefits paid is severely limited by statute. The Federal statute (US Code, tit 42, § 1396a, subd [a], par [18]) provides, inter alia, that no lien may be imposed against the property of an individual prior to his death on account of medical assistance paid or to be paid on his behalf under the plan and that there shall be no adjustment or recovery except in the case of an individual who was 65 years of age or older when he received such assistance, from his estate, then only after death of the surviving spouse and only when he has no surviving child under 21 or blind or totally disabled. In compliance with and to implement these Federal limitations, section 369 of the Social Services Law was enacted in the State of New York. The application for medical assistance submitted for *194 Margaret Emperor indicates that she was born in the year 1891 and that she does not have a spouse. Thus at this point it is assumed that the commissioner could upon the death of Margaret C. Emperor assert a sustainable claim pursuant to section 104 of the Social Services Law, against the estate assets of Margaret to recover the cost of assistance and care provided to her by the commissioner. Because of the subject transfers it is alleged that the estate will be without assets.
The principal question posed by the subject motion is whether the commissioner can properly proceed at this time under the New York Debtor and Creditor Law to set aside the subject transfers and compel the property to be returned to Margaret C. Emperor to constitute estate assets against which a future claim can be asserted upon Margaret’s death. Concededly, the Federal Social Security Act and New York Social Services Law do not authorize or prescribe a procedure for setting aside transfers and if the commissioner is to succeed it must be under the authority of the Debtor and Creditor Law.
In Crabb v Estate of Mager (66 AD2d 20) the Appellate Division, Fourth Department, considered an action brought by the Genesee County Commissioner of Social Services to set aside a conveyance of real property by a recipient of medical assistance to relatives. The conveyance took place in 1975 and upon the death of the recipient in 1978, the commissioner brought action against the estate of the recipient and the transferees of the property. The purpose of the action was to declare the transfer fraudulent and void under the provisions of the Debtor and Creditor Law. The defendants presented the argument on appeal that the sole recoupment remedy was under the Social Services Law and such law did not provide for a recovery against property not in the estate of the medical recipient. This argument was rejected by the court holding that the action was properly brought under the Debtor and Creditor Law. The decision noted that the Commissioner of Social Services would come within the Debtor and Creditor Law (§ 270) definition of a creditor. Since the definition includes unmatured claims the plaintiff commissioner herein would also fall within the definition. The one distin *195 guishing factor between the Crabb case and the subject is that the recipient, Margaret C. Emperor, is still living so that a claim cannot yet be pressed. It having been established by authority of the Crabb case that the plaintiff may proceed under the Debtor and Creditor Law, his position in respect to the subject motion would be sustainable by section 279 of the law which allows a creditor whose claim is unmatured to proceed where a conveyance is fraudulent as to a creditor. The issue as to whether the subject transfers were fraudulent under sections 275 and 276 of the Debtor and Creditor Law would present factual questions for trial determination.
It is noted that in situations where a Commissioner of Social Services has a sustainable claim assertible on death of the recipient, an action to set aside fraudulent lifetime transfers under the Debtor and Creditor Law prior to death of the recipient has appeal since it settles issues regarding these transfers prior to dissipation or further transfers of the property and clarifies questions surrounding title to the transferred assets. Further, since the Legislature has authorized a commissioner to proceed, subject to statutory limitations, against the estate of a recipient of medical assistance, this right should as a matter of public policy be protected. It is inconsistent with this authority to require a commissioner to stand idly by while the assets upon which he is to assert his claim are improperly transferred and possibly dissipated thereby impairing the possibility of future recoupment as was noted in Matter of Mondello v D’Elia (39 NY2d 978).
Accordingly, the motion of the defendants to dismiss this action is denied.