OPINION OF THE COURT
C. Raymond Radigan, J.
Petitioner as creditor claimant against the estate of decedent has petitioned this court to compel the executrix to account. The executrix, who is the surviving spouse and sole beneficiary of decedent’s estate, resists the accounting as unnecessary and burdensome. In the alternative, she seeks a direction that the validity of petitioner’s claim be determined preliminary to any court direction for an accounting (SCPA 1808, subd 5).
In her answer the executrix states that the estate assets amount to $325,937.90 and that the unpaid claims total $219,041.89, including the disputed claim of the petitioner. Based upon her allegations, the estate would not therefore be rendered insolvent by the allowance of the disputed claim.
SCPA 1808 (subd 5) re-enacts the second unnumbered paragraph of former section 211-a of the Surrogate’s Court Act with one important omission. Former section 211-a authorized the avoidance of an accounting proceeding and the determination of a disputed claim provided “there are sufficient assets in the hands of the executor or administrator to pay all debts, claims or expenses, and estate taxes”. The present subdivision 5 of SCPA 1808 omits the quoted words. While the reviser’s notes do not give any *274 reason for this omission, nevertheless the question of whether the estate is insolvent still presents a significant question. If the estate is insolvent, then other creditors should have the right to challenge the validity or enforceability of the claim or be heard on any other question of preference or priority (Powers, Practice Commentary, McKinney’s Cons Laws of NY, Book 58A, SCPA 1808, p 140).
Petitioner in a reply contends that the value of the estate is grossly overstated and presumably argues therefrom that the allowance of his claim would render the estate insolvent. However, the executrix argues that even assuming the estate to be insolvent, if a preliminary hearing should result in a disallowance of the claim, an accounting would still be unnecessary.
A corollary to SCPA 1808 (subd 5) is SCPA 1809, which authorizes a fiduciary to institute a proceeding to determine the validity of a claim. Both SCPA 1808 (subd 5) and 1809 indicate a desire on the part of the Bennett Commission to make available to fiduciaries better alternatives than the expensive and time consuming procedures involved in an accounting. (4 Warren’s Heaton, Surrogates’ Courts [6th ed], § 354, par 4.) Formerly, the petition under SCPA 1809 involved only a proceeding between the fiduciary and the claimant. However, a 1981 amendment introduced subdivision 2 which provides, depending on the amount or fraction of the estate involved, for the issuance of additional process to persons whose rights or interests will be affected by the allowance of the claim. SCPA 1809 can therefore accommodate both the necessity of citing additional creditors and yet avoid the filing of an accounting. Accordingly, SCPA 202 is employed to convert the present posture of this matter into a proceeding under SCPA 1809 which will require the citation of other interested creditors in this estate affording them an opportunity to appear and be heard on the merits of the petitioner’s claim, a procedure the court directs be implemented.