■ In the Matter of ARTHUR LIPKIN, on Behalf of MAX LIPKIN, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Commissioner of Social Services which denied Max Lipkin's application for medical assistance.

Petitioner challenges a decision of the State Commissioner of Social Services which sustained respondent Albany County Department of Social Services' denial of an application for medical assistance by petitioner's father, Max Lipkin, and determined that Lipkin made unauthorized transfers of funds totaling $100,550 in order to qualify for benefits. Since it is undisputed that the funds were actually transferred, petitioner had the burden of rebutting the statutory presumption that the transfer was made for the purpose of qualifying for medical assistance *(see,* Social Services Law § 366 [5] [b] [2]). To succeed, he had to establish that the "transfer was made exclusively for some [other] purpose" (18 NYCRR 360.8 [a]).

In our view, there is substantial evidence in the record to sustain the Commissioner's determination that petitioner failed to satisfy this burden. The claim that the transfers were part of a long-standing pattern is belied by the fact that gifts ranging from $25,000 to $40,000 per child were made in 1985 and 1986, as compared with only $2,000 to $7,000 in prior years, especially in view of the fact that the unauthorized transfers had the effect of divesting Lipkin and his wife of

approximately 75% of their assets over a six-month period, at a time when the health of each was failing. Further, the claim that the transfers were part of a plan to avoid State and Federal estate and gift taxes was not supported by the evidence. The pretransfer assets of approximately $165,000 were insufficient to generate substantial estate tax liability and, hence, did not justify serious tax-planning measures. Moreover, the gifts were made in a random fashion, with many exceeding the applicable gift tax annual exclusion. Finally, the Commissioner, the exclusive judge of credibility *(see, Matter of New v New York State Bd. of Social Welfare,* 49 NY2d 857, 858), was entitled to disregard the self-serving and unsubstantiated testimony of petitioner, a beneficiary of one half of the gifts, that Lipkin and his wife were unaware of the Medicaid program and its requirements.

The claim for an award of counsel fees under 42 USC § 1988 is rejected as academic, since petitioner did not prevail in this proceeding, and wholly lacking in merit in any event *(see, Matter of Shields v Blum,* 80 AD2d 668, *appeal dismissed* 53 NY2d 937).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.