■ In the Matter of ISABELLE CULLEN, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Schenectady County) to review a determination of the State Commissioner of Social Services which sustained the denial of petitioner's application for medical assistance benefits.

The question in this case is whether there is substantial evidence in the record to support the finding that the 83-year-old petitioner's transfer of two $25,000 Totten trust-type bank accounts to each of her two sons within 24 months of her application for medical assistance was made for purposes of qualifying for such assistance. Review of the record compels an affirmative response, and the determination of the State Commissioner of Social Services (hereinafter Commissioner) must therefore be confirmed.

Under Social Services Law § 366 (5), the uncompensated value of property transferred within 24 months prior to an application for medical assistance benefits is included in calculating available resources and determining eligibility for assistance, unless the applicant furnishes evidence that the transfer was exclusively for some purpose other than to qualify for such assistance. An applicant must be afforded an opportunity to rebut the statutory presumption by evidence showing that the transfer was made for a purpose other than to qualify for medical assistance (Social Services Law § 366 [5] [b] [2]; *see, Matter of Pellegrini v Reidy,* 150 AD2d 866). The burden is on the applicant to prove eligibility for receipt of services *(Matter of Dvelis v New York State Dept. of Social Servs.,* 146 AD2d 875, 877, *lv denied* 74 NY2d 608; *Matter of Mallia v Webb,* 103 AD2d 559, 562). The Commissioner is the exclusive judge of credibility *(see, Matter of Lipkin v New York State Dept. of Social Servs.,* 146 AD2d 964, 965; *see also, Matter of Rizzuto v Blum,* 101 AD2d 699).

Petitioner was admitted to a hospital on August 21, 1987 after sustaining a broken hip in a fall. On September 8, 1987, that hospital's utilization review committee issued a notice to petitioner and her family that she was no longer in need of hospital care and was ready for discharge to a nursing home. The notice also advised that Medicare payments toward her hospital stay would cease effective September 11, 1987. The

letter of notice bore the notation "[a]fter explanation patient refused to sign letter". The notation was signed "Karen S. Cooper, caseworker [and] Patricia Verardi, RN URPC".

Petitioner was not discharged according to the notice, but underwent elective knee surgery and remained in the hospital until her discharge to a nursing home on January 5, 1988. An application on behalf of petitioner for medical assistance was signed by Alfred Cullen, her son, on January 9, 1988 and received by respondent Schenectady County Department of Social Services on January 11, 1988. The application was denied due to transfers of property allegedly made in order to qualify for assistance. A fair hearing was held thereafter at which petitioner, her two sons, Alfred and James Cullen, and her daughter-in-law, Elizabeth Cullen, testified.

The record indicates that the trust accounts at issue were established in 1973 in the name of petitioner and each son, respectively. She had the use of the interest from both accounts and had exclusive control over both accounts which could have been revoked at any time (see, Matter of Totten, 179 NY 112; 61 NY Jur, Trusts, § 108, at 224; see also, EPTL 7-5.1 et seq.). In our view, the evidence supports the finding that the utilization review committee notice recommending nursing home placement occasioned the transfer of the funds. Testimony offered by petitioner's witnesses to explain the transfer was at times evasive, ambiguous and contradictory.

Petitioner testified that she transferred the trust accounts because she had discovered she could no longer write and needed someone to take care of the accounts. At the time, her son Alfred held a power of attorney for her. She stated that she felt that this was the time to let them have the "whole ball of wax" and turned the accounts over to them "to carry on" for her. Her son Alfred testified that the purpose of making the change in ownership in September 1987 was so "that we would manage the household expenses". His testimony also indicated that on September 8, 1987 he received the utilization review committee notice recommending nursing home placement but "did not know at that time that * * * Medicare would not take care of it", explaining that "we had appeals mechanisms".

From this evidence the Commissioner could properly conclude that petitioner did not sustain her burden of refuting the presumption that the transfer of the two bank accounts was made to qualify for medical assistance (see, Matter of Lipkin v New York State Dept. of Social Servs., 146 AD2d 964, supra).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.