OPINION OF THE COURT
Marie M. Lambert, S.
This is an application by the Department of Social Services (DOSS) for a compulsory accounting by the voluntary administrator, Barry Vener. Mr. Vener qualified to administer this small estate as the executor named in decedent’s last will (SCPA 1303). He and his wife are the only beneficiaries of the will. .
*745 DOSS’ standing here is based on its claim to recover $37,642.61 of Medicaid granted to decedent. Since the testamentary estate only consisted of miscellaneous tangibles of little value, the agency’s objective is to recoup its assistance by setting aside an inter vivos transfer decedent made to Mr. Vener and his wife (Social Services Law §§ 369, 104). In light of the fact that the administrator disputes the validity of the claim, the court will treat this as a request for determination of the validity of a claim pursuant to SCPA 1808 (5) (Matter of Perry, 123 Misc 2d 273; Estate of Kuhn, NYLJ, Dec. 26, 1980, at 13, col 1).
The documents submitted here indicate that DOSS’ claim is based on Medicaid payments for homecare services to Ms. Rhodes from February 1, 1984 to January 27, 1986, when she died at the age of 95. During this period decedent received a relocation award totaling $55,000 from her landlord for vacating her apartment (consisting of a $500 payment in March 1985 and $54,500 by check dated June 14, 1985). It is undisputed that this award was transferred to Mr. and Mrs. Vener.
The Veners have submitted a typewritten letter, signed and acknowledged by decedent on April 2, 1985 addressed "To Whom This May Concern”. The letter states that "during the last eight years” the Veners "assumed complete responsibility for my care and well being” and that decedent would not have allowed herself to receive the Veners’ daily personal and financial assistance (required because of her age and ill health) but for the expectation of being able to repay them with the $55,000 relocation award.
An itemized estimate by the Veners reports that their out-of-pocket expenditures for decedent’s needs (after deducting her monthly Social Security) during seven years (1979 through 1985) totals $39,218. The file also contains a letter from a senior attorney at MFY legal services describing the "warm and caring” relationship the Veners had with decedent, including seeing to it that she had food and medical attention.
The agency has submitted a monthly breakdown of its claim, which reports total Medicaid payments of $36,866.90 for decedent. It appears that of this total, $14,152.64 was paid after June 1985, the month in which the bulk of the relocation award was received, and $22,714.26 was paid before then.
The agency takes the position that if Ms. Rhodes had reported the relocation award, Medicaid would have been discontinued because she had become ineligible. DOSS agrees *746 that no claim for recoupment would have been made in Ms. Rhodes’ lifetime. The law is clear that there is no lien for, or right to recover correctly paid Medicaid during a recipient’s lifetime (Social Services Law § 369 [1] [a]; Matter of Colon, 83 Misc 2d 344). If Ms. Rhodes had then proceeded to use up the award for her living expenses, DOSS would have no basis on which to seek recoupment.
If, however, Ms. Rhodes had died before using up the award, thus leaving assets in her estate, DOSS would be entitled to recover from her estate for the Medicaid assistance received before the relocation award, since she was over 65 years of age when she received such assistance (Social Services Law § 369 [1] [b]) and not otherwise shielded by this statute (Crabb v Estate of Mager, 66 AD2d 20; Estate of Merz, NYLJ, Mar. 19, 1990, at 29, col 4). On the other hand, even if she had made a gratuitous transfer of all or part of this award for the purpose of restoring her eligibility, it appears that Ms. Rhodes would have been eligible to return to the Medicaid rolls after waiting a prescribed interval — at that time 24 months (Social Services Law § 366 [5] [b] [2]; Albert v Perales, 156 AD2d 619; Matter of Cullen v New York State Dept. of Social Servs., 155 AD2d 857).
The Medicaid eligibility rules are not congruent with DOSS’ right to recover after a recipient’s death. For example, even where a person’s home (the homestead) is not taken into account with respect to eligibility for Medicaid, when the recipient dies, the homestead is a part of the estate and is reachable for recoupment of assistance paid (Crabb v Estate of Mager, supra; Bandas v Emperor, 121 Misc 2d 192).
Crabb holds that the recipient cannot, by giving the homestead away during her lifetime, defeat the agency’s future lien after her death: "Inasmuch as the commissioner has a claim against the estate of a recipient of medical assistance for benefits paid, the commissioner is within this definition [the definition of 'creditor’ under the Debtor and Creditor Law], and may have a fraudulent conveyance of property set aside, absent some contrary provision of law” (supra, at 24).
In Bandas v Emperor the court extended Crabb and allowed DOSS to bring a proceeding during the recipient’s lifetime to prevent a fraudulent conveyance of assets, where possession of the assets didn’t render her ineligible for Medicaid (121 Misc 2d 192, supra).
Under these principles, DOSS has standing here to establish that Ms. Rhodes’ transfer of the relocation award to the *747 Veners was a fraudulent conveyance under Debtor and Creditor Law §§278, 279, with respect to the Medicaid payments made before and after the award. The agency may also challenge the underlying validity of the transfer. The Veners in turn would have an opportunity to demonstrate that part or all of the award was a transfer for fair consideration, as in exchange for an antecedent debt or to cover her future living expenses (Debtor and Creditor Law § 272) and hence not a fraudulent conveyance.
The Medicaid granted Ms. Rhodes during the period after the award may not have been "correctly” paid, if the award rendered her ineligible. Assistance incorrectly paid may be recouped even during the recipient’s lifetime, as it is not subject to the constraints of Social Services Law § 369 (Estate of Merz, NYLJ, Mar. 19, 1990, at 29, col 4, supra). Whether the assistance was correctly paid turns on whether the transfer to the Veners was made for the purpose of qualifying for Medicaid (Albert v Perales, supra; Matter of Cullen v New York State Dept. of Social Servs., supra). Even if incorrectly paid, however, DOSS must still substantiate its entitlement to recoupment if the Veners can demonstrate that the award was used for Ms. Rhodes’ living expenses.
Accordingly, the court will schedule a hearing on all issues related to the validity of this claim in the order to be settled herein. All pretrial disclosure should be completed prior to such date.